JAMES BROWN *et al.*

*v.*

MINER, FROST & HUBBARD.

*Filed at Springfield April 5, 1889.*

1. CHANCERY—*trial by jury—upon what issues.* The statute of this State requires the submission to a jury of an issue arising upon the contest of a will on the ground of the alleged insanity of the testator, or of his want of mental capacity. The statute seems to be imperative in this respect.

2. Where the question of the insanity of a defendant at the time of the execution of a note and mortgage is properly presented by the pleadings and by affidavit, the better practice is to submit that issue to a jury, if the chancellor is asked so to do. But under the statute, (Rev. Stat. chap. 22, sec. 40,) the duty of the court to submit such issue to a jury is discretionary, and not imperative.

3. SAME—*recitals in decree—how far conclusive.* Where a decree in a case which was referred to the master to take and report the evidence, recites that the cause was heard on the bill, answers, replication, and also the proof taken and reported by the master, such recital can not be contradicted or overcome by the clerk's certificate that there is no report of the master on the files.

4. And where a decree recites the hearing of testimony in open court, and finds, from the evidence, the facts necessary to support the decree rendered, in the absence of a certificate of the evidence heard it will be presumed that there was sufficient evidence to warrant and sustain such finding.

5. SAME—*relief under the general prayer.* A bill to foreclose a mortgage before due, by its terms, averred the failure of the mortgagor to pay the taxes then due on the land, as one of the grounds for electing to hold the whole debt due. The bill set out the mortgage as a part thereof, and it showed a right to declare the whole debt due for a failure to pay interest, or taxes on the premises : *Held,* that this was sufficient, under the general prayer for relief, to authorize a decree for the taxes paid by the mortgagee *pendente lite,* to protect the title to the mortgaged premises.

6. So where a mortgage provides that in case of foreclosure, and sale of the mortgaged premises, the mortgagee shall be paid out of the proceeds of the sale the expense of advertising, etc., together with moneys advanced for taxes, assessments and other liens, etc., and the mortgagee pays such taxes subsequently to the filing of his bill to foreclose, in

which the duty of the mortgagor to pay the taxes, and his failure to do so, are alleged, the complainant may be allowed, by decree, the amount of such advance, under the general prayer for relief, without filing a supplemental bill.

7. ASSIGNMENT OF ERROR—*by whom.* One party can not assign error for another who makes no complaint. So on bill to foreclose a mortgage, the mortgagor can not assign for error a decree by default against a tenant, taken upon an insufficient service of such tenant, who failed to join in the writ of error.

8. If, however, the co-defendant has a joint interest with those complaining, the rule is different, for in such case a defendant has a right to insist upon a decree which settles the rights of all the parties concerned.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

April 6, 1883, James Brown and wife, Margaret, executed a note to defendants in error for $13,500, due in five years, with seven per cent interest, payable annually, and a mortgage to secure the same. The mortgage provided, that on default of the mortgagors to pay the annual interest, or to pay the taxes assessed on the land, the whole debt might be declared due, at the option of the holder, and out of the proceeds of sale, on foreclosure of the mortgage, there be paid, first, the expense of advertising, selling and conveying the mortgaged premises, together with $100 solicitor's fees, and all moneys advanced for taxes, assessments and other liens, and then the principal of the note, whether due or not, together with the interest accrued thereon. On April 15, 1884, defendants in error filed their bill to foreclose said mortgage, averring a failure to pay the annual interest before then due, and the taxes for the year 1883, and that for that reason they had elected to declare the whole of the debt evidenced by said note due. The bill prayed that an account be taken of the sum due, and a decree be entered for its payment by a short day, with $100 solicitor's fees, and in default thereof, for foreclosure

and sale. All the defendants were defaulted except James and Margaret Brown, the plaintiffs in error, who appeared, and the latter filed an affidavit, to the effect that the said James Brown, before and at the time of the execution of the note and mortgage, was, and still is, *non compos mentis*, and asking for the appointment of a guardian *ad litem* for him, which was done. She also answered, under oath, admitting the execution of a note and mortgage, but averring that the consideration thereof was mainly indebtedness due complainant from the firm of August & Brown, of which her husband had been a member; that upon its dissolution, its books of account, by agreement of complainant and said firm, were left with said August for settlement and collection; that said August collected money enough out of the assets of said firm to liquidate said indebtedness to complainants, and which was deposited in the bank of complainants to be credited on such indebtedness, but that complainants, in violation of their agreement, and without the knowledge of Brown, permitted August to withdraw it for other uses, and that the residue of said consideration was money loaned by complainants to said Brown with notice of his mental incapacity, etc. The guardian *ad litem* also answered, requiring strict proof. Replication was filed, and the transcript of the record shows, beside the papers mentioned, and the process, and the terms thereof, only the final decree, entered in the cause November 21, 1884, which purports to have been made on a hearing upon the pleadings and "the proofs taken and reported by the master in chancery," and "testimony heard in open court."

The decree recites the default of the other defendants, the appointment of a guardian *ad litem* for James Brown, the entry of a rule to answer, and an order that "on notice of filing such answer and replication thereto, the cause stands referred to the master to take proof;" that the court found the allegations of the bill to be true, and, among other things, that the taxes on the mortgaged premises for the year 1883 were past due

before the filing of the bill; that the mortgagors had neglected to pay the same; that complainants had paid the taxes on said premises,—$182.05; that defendant James M. Brown is in possession of a portion of said premises as tenant of Ellen and Margaret Brown, who are also defendants, under a lease which will expire March 1, 1885; that at the time of the execution of said note and mortgage, the defendant James Brown was of sound mind, and qualified to transact business; and that the amount due on the note, after deducting payments and credits, was $12,636.98. The decree, after such finding, required the mortgagors to pay that sum, with six per cent interest, within twenty days of the date of such decree, together with $182.05 for taxes advanced by complainants, with costs, in which should be included $100 for solicitor's fees, and in default thereof, ordering a sale in the usual form.

The defendants, James and Margaret Brown, prosecuted a writ of error from the Appellate Court for the Third District, to reverse this decree, and assigned errors in that court. The Appellate Court affirmed the decree, and the same defendants below prosecute this writ of error.

Messrs. Callon & Thompson, for the plaintiffs in error:

The record fails to show that the master ever made any report of the evidence. If it be claimed that the recitals in the decree are conclusive on this point, we say they would be were they not squarely contradicted by the whole record. *Hards* v. *Burton,* 79 Ill. 504; *Wilhite* v. *Pearce,* 47 id. 413; *Boston* v. *Nichols,* id. 353; 2 Daniell's Ch. (3d ed.) p. 1308.

The bill nowhere alleges that defendants in error paid any taxes on the lands, nor does it pray any relief on that question. On the contrary, it alleges "that said taxes were then wholly unpaid," and only prays for the amount due on the note and mortgage, and the solicitor's fee of $100. The findings of the court follow the allegations in the bill. The court expressly finds that all the taxes for 1883 "still remain due and wholly

unpaid." Now, upon the allegations in the bill and the express findings of the court, how was it possible to find, in the same breath, as it were, "that complainants had paid as taxes on said premises the sum of $182.55?" This is the first intimation, in any of the pleadings or proceedings in this case, of any claim for taxes paid. When were they paid? Not before the bill was filed, for it expressly alleges that said taxes had then long been due, and were then "wholly unpaid." They could not have been paid when the cause began to be heard, because the court expressly finds that they "still remain due and unpaid." If they were paid, it must have been after that finding. Clearly, if defendants in error did pay any taxes after filing their bill, they should have set up the fact in a supplemental bill. This they did not do. We submit that it was palpable error to grant relief not prayed for in the bill, nor justified by the allegations in the bill. The general prayer does not cure the error, in the absence of appropriate allegations. "The decree must conform to the prayer of the bill." *Hall* v. *Towne,* 45 Ill. 493; *Ward* v. *Enders,* 29 id. 519; *De-Leuw* v. *Neely,* 71 id. 473; *Dodge* v. *Wright,* 48 id. 382; *Gunnell* v. *Cockerill,* 84 id. 319; *Kellogg* v. *Moore,* 97 id. 282; *Parkhurst* v. *Race,* 100 id. 558.

The issue as to the insanity of James Brown should have been tried by a jury. *Myatt* v. *Walker,* 44 Ill. 485; *Panky* v. *Raum,* 51 id. 88; *Hahn* v. *Huber,* 83 id. 243.

The service of summons on James M. Brown was not in compliance with the statute, as appears by the return, and no default could properly be taken against him. The return is: "I have duly served the within named James M. Brown, etc., by leaving a true copy thereof," etc. *Cost* v. *Rose,* 17 Ill. 276.

Mr. J. M. RIGGS, Mr. J. A. WARREN, and Mr. T. H. DEVINE, for the defendants in error:

James M. Brown not having joined in prosecuting the writ, no error can be assigned on his behalf, nor can plaintiffs in

error assign for error any action of the chancellor not injuriously affecting their interests. *Kennedy* v. *Kennedy*, 66 Ill. 196; *Havighorst* v. *Lindberg*, 67 id. 463; *Smith* v. *Hickman*, 68 id. 315; *Clark* v. *Marfield*, 77 id. 262; *Richards* v. *Greene*, 78 id. 527.

The mortgage set out in full in the original bill provides for payment of taxes out of the proceeds of the mortgaged property. The bill alleges the taxes were wholly unpaid. There was a prayer for general relief, under which the relief as to taxes might be properly granted. *DeLeuw* v. *Neely*, 71 Ill. 473.

This is an ordinary cause in chancery for foreclosure of a mortgage, in which it is in the discretion of the chancellor to take the verdict of the jury, or not. Rev. Stat. 1885, Chancery Practice, sec. 40; *Meeker* v. *Meeker*, 75 Ill. 267; *Long* v. *Long*, 107 id. 211.

The only exception to this rule of discretion, in ordinary chancery cases, is in the case of an heir-at-law, a rector, or a vicar. Daniell's Ch. Pr. (ed. of 1871,) p. 1075.

The verdict of a jury should only be taken where the evidence is voluminous, the facts complicated, and the question doubtful. *Milk* v. *Moore*, 39 Ill. 588; *Dowden* v. *Wilson*, 71 id. 486; *Fanning* v. *Russell*, 94 id. 390.

The chancellor having recited in the decree that the master had taken and reported the testimony, and that report not appearing on the files, it will be deemed to have been lost. *Hess* v. *Voss*, 52 Ill. 477.

Where the evidence in a chancery cause is not otherwise preserved, the recitals and findings in the decree are conclusive as to the facts. *Sheen* v. *Hogan*, 86 Ill. 19; *McIntosh* v. *Saunders*, 68 id. 130; *Morgan* v. *Corlies*, 81 id. 75; *Davis* v. *Christian Union*, 100 id. 318; *Groenendyke* v. *Coffeen*, 109 id. 334; *Hannas* v. *Hannas*, 110 id. 64.

If plaintiffs in error desired to question the recitals or finding of facts in the decree, it was their duty to cause all the

evidence to be preserved. *McIntosh* v. *Saunders,* 68 Ill. 130; *Morgan* v. *Corlies,* 81 id. 75; *Groenendyke* v. *Coffeen,* 109 id. 334.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

It is well settled that one party can not assign error for another who makes no complaint. The two mortgagors were properly served in the suit to foreclose the mortgage, and appeared therein. James M. Brown, it appears, was a tenant of the premises, only, whose term had substantially expired. If it was conceded that the service upon him was insufficient to give the court jurisdiction of his person, and that it was therefore error to enter a decree *pro confesso* as to him, he alone could avail of that error. If he had a joint interest with the plaintiffs in error, the rule would be different, for in such case a defendant has the right to insist upon a decree which settles the rights of all the parties concerned. (See *Enos* v. *Capps,* 12 Ill. 257.) It is therefore not necessary to determine whether there was proper service on James M. Brown or not. He is content with the decree rendered, and any error as to him will in no manner injuriously affect plaintiffs in error here. *Clark* v. *Marfield,* 77 Ill. 262; *Hannas* v. *Hannas,* 110 id. 53; *Havighorst* v. *Lindberg,* 67 id. 468; *Kennedy* v. *Kennedy,* 66 id. 196; *Smith* v. *Hickman,* 68 id. 314; *Richards* v. *Greene,* 78 id. 527.

Nor do we think there was error in the failure of the court to send an issue as to the mental capacity of James Brown, one of the mortgagors, to be tried by a jury. It does not appear that the court was requested to direct the issue to be thus tried. The English chancery practice made the reference of an issue of fact to a jury imperative only in cases of an heir-at-law, a rector or a vicar. (Daniell's Ch. Pr. 1075.) The statutes of this State require the submission to a jury of an issue arising upon the contest of a will on the ground of insanity of the testator, or of his want of mental capacity. The

statute seems to be imperative in this respect. Rev. Stat. chap. 148, sec. 7; *Meeker* v. *Meeker,* 75 Ill. 260; *Long* v. *Long,* 107 id. 211.

In *Myatt et al.* v. *Walker et al.* 44 Ill. 485, this court said: "We have carefully examined the testimony in the record. We find it voluminous, doubtful in some respects, and largely conflicting. When, however, taken altogether, we think it fails to sustain the decree. In the absence of all knowledge of the manner of the witnesses in giving their testimony, we feel some doubt as to where the true weight of evidence really lies. In such cases it is eminently proper that an issue should be framed, and tried by a jury. Such a practice has always been fully sanctioned, and we think it more satisfactory, and better calculated to promote justice, and the practice should be adopted by the court below in all cases involving questions of insanity." In *Hahn* v. *Huber et al.* 83 Ill. 244, this court held, that on a bill to foreclose a mortgage, a motion to submit the question of the insanity of a mortgagor to a jury, without any affidavit of the fact of his insanity, was properly overruled.

It would seem from the two cases cited, where the question of insanity of the defendant is properly presented by the pleadings and by affidavit, that the better practice is to submit the question of sanity to a jury. It by no means follows, however, that the court is bound, upon its own motion, to submit such an issue, or that it is error not to make such submission. The statute (sec. 40, chap. 22,) provides, that "the court may, in its discretion, direct an issue or issues to be tried by a jury, whenever it shall be judged necessary, in any cause in equity pending therein." The implication necessarily is, that the submission of the question of fact to a jury, in chancery causes, where not otherwise provided, is left to the sound discretion of the chancellor. In all cases where, by the course of the chancery practice or by the statute, the issue is required to be submitted to a jury as a matter of course, no such discretion exists. It is, however, evident, that plaintiffs in error are in

no condition to complain of any ruling of the trial court in this respect. That court was not called upon to make a ruling, nor was the question presented for its consideration. To have raised the question they should have made the motion for the submission of the issue in apt time in the trial court. But, as we have said, the duty of the court to submit an issue to be tried by a jury, was, in the case under consideration, discretionary, not imperative. See *Milk et al.* v. *Moore,* 39 Ill. 584; *Dowden et al.* v. *Wilson,* 71 id. 485; *Fanning et al.* v. *Russell et al.* 94 id. 386.

It is next claimed, that the cause was referred to the master to take and report the evidence, and that a decree was entered without any report having been made by the master. The decree, as set forth in the transcript, recites that the cause was heard on the bill, answers, replication, and "also the proof taken and reported by the master in chancery of this court, and testimony heard in open court." This recital in the decree can not be contradicted or overcome by the clerk's certificate that there is no report of the master on the files. The decree recites that James Brown was of sound mind when he executed the note and mortgage, and finds that fact, together with other facts on which it is based. The facts thus found in the decree justify its rendition. In the absence of a bill of exceptions or certificate of evidence, it will be presumed that the findings were warranted by the proofs heard by the court. In the absence of a certificate preserving *all* the evidence heard by the trial court, it must be presumed that there was sufficient evidence to warrant and sustain the finding. *Hannas* v. *Hannas, supra; Groenendyke* v. *Coffeen,* 109 Ill. 334; *Sheen* v. *Hogan,* 86 id. 16; *Davis* v. *American and Foreign Christian Union,* 100 id. 313; *Morgan* v. *Corlies,* 81 id. 72; *McIntosh* v. *Saunders,* 68 id. 128; *Rhoades* v. *Rhoades,* 88 id. 139; *Walker* v. *Cary,* 53 id. 470; *Allen* v. *Le Moyne,* 102 id. 25; *Mauck* v. *Mauck,* 54 id. 281; *Walker* v. *Abt,* 83 id. 226; *Corbus* v. *Teed,* 69 id. 205.

It is urged that the court erred in allowing, by its decree, the taxes advanced by complainants, because, as it is said, no foundation was laid therefor in the allegations or prayer of the bill. It is unquestionably true that the decree must be in conformity with and supported by the allegations and prayer of the bill. It is shown that when the bill was filed, complainants had not paid the taxes, although it was averred that the taxes were past due and unpaid by the defendants, and that was made, as it is alleged, one of the grounds for electing to declare the whole sum evidenced by the note to be due. Complainants not having then paid the taxes, it would follow, that there would be no prayer for their recovery by them. However, the bill sets out the mortgage as a part thereof, and alleges, that under its provisions the taxes were to be paid by the defendants, and their default in that regard. This we think was sufficient, under the general prayer for relief, to authorize the entry of a decree for the taxes paid by the mortgagees *pendente lite,* to protect the title to the property mortgaged.

Where a mortgage provides, that in case of foreclosure and sale of the mortgaged premises the mortgagees shall be paid out of the proceeds of the sale the expense of advertising, etc., together with moneys advanced for taxes, assessments, and other liens, etc., and the mortgagee pays such taxes subsequently to the filing of his bill to foreclose, in which the duty of the mortgagor to pay the taxes, and his failure to do so, are alleged, the complainant may be allowed, by decree, the amount of such advances, under the general prayer for relief, and without filing a supplemental bill.

Finding no substantial error of which the plaintiffs in error can complain, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*