## Joseph A. Meath et al. v. William J. Watson.

1.  RECORDS—*Recitals in Decrees Conclusive.*—Where a decree recites that "the cause came on to be heard on the original bill, answers and replications thereto," such recital is conclusive as to there having been a replication to the bill, and the certificate of the clerk to the transcript of the record can not be taken to contradict such recital.

2.  LANDLORD AND TENANT—*Receipt of Rent Not a Waiver of an Unauthorized Subletting.*—The fact that a lessor received the rent stipulated for in a lease can not be construed as a waiver of any right of objection to a subletting of the demised premises without the consent of the lessor.

3.  SAME—*Right of Lessee to Rents of Sublessee, After Forfeiture.*—After a lease is forfeited by a violation of its conditions in subletting without the consent of the lessor, the lessee can not be heard to complain of the disposition of the rents received from the sublessees by a receiver appointed by a decree for the purpose of collecting the same.

Bill of Interpleader, by a sublessee against the original lessor (landlord) and the sublessors (tenants), each claiming the rents. Cross-bill by the original lessor, trial in the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Hearing and decree for the original lessor on the cross-bill. Appeal by the sublessors (tenants). Heard in this court at the October term, 1897. Affirmed. Opinion filed June 13, 1898.

### STATEMENT.

On June 5, 1895, appellee leased certain premises in Chicago to appellants, for a term beginning June 15, 1895, and ending April 30, 1896, at a rental of $1,450, payable $100 monthly in advance for two and one-half months, and $150 monthly in advance thereafter. The lease provided that premises were to be occupied for a piano salesroom, and for no other purpose whatever, and that appellants should not assign the lease or sublet, or permit the premises to be used for any other purpose than a piano salesroom, without the written consent of the appellee, and that in default of performance of these conditions appellee was authorized to terminate lease without notice and re-enter, etc. This provision is repeated and given further emphasis,

as follows: "No assent to changes in, or waiver of, any part of this indenture, in spirit or letter, shall be deemed or taken as made, except the same be done in writing and indorsed herein by the lessor." Appellants took possession and occupied premises under the lease for about six weeks, until August 1, 1895. On July 30, 1895, appellants executed a lease to Mrs. E. J. Hopson, demising these same premises to Mrs. Hopson for the remainder of the term, viz., August 1, 1895, to April 30, 1896, to be used for a millinery store. It is undisputed that appellee knew nothing of the leasing by appellants to Mrs. Hopson until after the lease was executed. On August 1, 1895, appellants paid appellee $100 rent for August, in advance, as by terms of the lease, and then informed the agent of appellee of the subletting to Mrs. Hopson. There is a conflict in the evidence as to whether there was an oral assent to the subletting at this time. It is not claimed that any assent in writing was ever given. From all the evidence the chancellor was fully warranted in a finding that there had been no assent either in writing or by parol.

Mrs. Hopson filed a bill of interpleader, setting up the facts as to leasing of premises by appellee to appellants, and by appellants to her, at a rental of $200 per month; that appellee had notified her to surrender the premises, and had begun a suit against her of forcible detainer; that appellants had brought three suits against her for installments of rent, and obtained judgments thereon; that she was ready and willing to pay rent for the premises to whomever might be entitled thereto, and offered to pay same into court; prayed that appellants and appellee be required to interplead, and that it may be determined to whom the rent shall be paid; prayed that the proceedings at law be enjoined. A receiver was appointed to collect the rents accruing at rate of $200 per month, and it was ordered that of such rents $150 per month be paid to appellee pending the suit, and $50 per month be held by the receiver subject to order of the court. Appellants and appellee were enjoined from prosecuting the suits at law.

Answers were filed to the original bill by both appellants and appellee. A cross-bill was filed by appellee by which he prayed for a decree canceling the lease and ordering the moneys in hands of receiver (viz., $550, being the accrued amount of the balances of $50 per month) to be paid to cross-complainant. Mrs. Hopson and appellants answered this cross-bill.

Upon final hearing the court entered a decree, substantially as follows:

Recites that case came on to be heard on bill, amendment thereto, answers of Meath and Watson, replications, the cross-bill of Watson, and the answers of Hopson and Meaths, and replications of cross-complainant. Finds that complainant is not entitled to relief prayed for in amendment to bill, but that bill of interpleader was properly filed; that all of the material allegations in cross-bill have been proved; and also the material allegations in answer of Watson to original bill have been proved; that the said Meaths leased the property described for a term beginning June 15, 1895, and ending April 30, 1896, for stipulated rental as charged in bill; that it was a condition of the lease that Meath should not assign or sublease, or permit premises to be used, except for a piano salesroom, without the written consent of Watson; and that on default of performance of that condition the lessor was authorized to terminate said lease without notice and re-enter the premises; that on August 1st said lessees paid $100 as the rent for the month of August, 1895; and that on July 30th, without notice to Watson or his agent, and without consent of Watson or his agents, lessees executed and delivered a lease to Hopson for the premises, to be used as a millinery store, for a term beginning August 1, 1895, and ending April 30, 1896, at a stated rental of $1,800; and that the Meaths delivered possession of said premises on or about August 1, 1895, and Hopson remained in possession till April 30, 1896; that immediately on taking possession Hopson was notified that her lease had been made in violation of the Meath lease, and said J. A. Meath verbally

notified to same effect; that August 24th Watson served a written notice on Meath and Hopson that he had elected to determine said lease in consequence of said default, and said Meaths and Hopson were notified to surrender possession; that said several acts constitute a forfeiture of lease of Watson to Meaths; recites proceedings at law as in bill, and that October 30, 1895, an injunction was issued restraining Meaths and Watson from further prosecution of said suits, and directing payment to a receiver of rents, etc.; that receiver had collected $1,800 and had paid to Watson $1,250, leaving in his hands $550; allows receiver $100 for his services and decrees that Watson is entitled to remainder, except $100, which the receiver is directed to pay to Meaths —each party to pay his own costs.

Rufus Cope and W. Lemma, attorneys for appellants.

Joseph H. Fitch, attorney for appellee.

Mr. Justice Sears delivered the opinion of the court.

It is contended by counsel for appellants that the answer of appellants to the original bill should have been taken as true for want of any replication thereto. The decree, however, recites that the cause came on to be heard on original bill, answers and replications thereto, and upon cross-bill, answers and replications thereto. These recitals of the decree are conclusive as to there having been replications, and the certificate of the clerk can not be taken to contradict this recital. Brown v. Miner, 128 Ill. 148.

Counsel also contend that the receipt of the check for $100 in payment of August rent upon the 1st day of August, when appellee's agent was informed by appellants that they had subleased to Mrs. Hopson, was in effect a waiver of any right of objection to such subletting.

We can see no merit in this contention. Appellee had an undoubted right to receive the rent stipulated for in the lease, while appellants had no right to sublet without consent first obtained of appellee. That the taking of the rent

paid in accord with the terms of the lease should operate to ratify a subleasing, which was in breach of the covenants of the lease, is wholly untenable.

By their action in surrendering the possession of the premises to another for the carrying on of a business other than that of a piano salesroom, and by subleasing to Mrs. Hopson without the assent of appellee, all rights of appellants under the lease were forfeited at the time the notice was served by appellee. They, therefore, can not be heard to complain of the disposition of the money in the receiver's hands which was ordered by the decree.

The decree is affirmed.