## C. J. Allen v. J. H. Henn and Mae Henn.

1. APPELLATE COURT PRACTICE—*An Index is Not an Abstract.*— A paper document in which the pleadings and decree, covering fifty pages, are not abstracted, but only referred to by pages, is an index and not an abstract, as required by rule 23 of this court, requiring a complete and indexed abstract of the entire record.

2. CHANCERY PRACTICE—*The Certificate of Evidence Must Show that it Contains All the Evidence in the Case.*—A certificate of evidence in a chancery proceeding must show that it contains all the evidence adduced at the hearing of the suit before the chancellor.·

3. SAME—*Certificate of the Official Reporter Will Not Suffice.*—The certificate of the official reporter is not the certificate of the judge and can not be made to supply any deficiency in it.

4. SAME—*A Party Benefited by a Decree Must Preserve the Evidence to Sustain it.*—It is incumbent upon the party seeking to sustain a decree in his favor to preserve the evidence upon which it is based, in the record, in some proper form.

5. SAME—*Evidence upon Which a Decree is Based—How Preserved.*— There are various modes in which the evidence upon which a decree is based, may be preserved in the record. Depositions on file become *ipso facto* parts of the record, and the same is true as to evidence reported by the master. Where evidence is heard in open court it must be preserved by a certificate of evidence; but where the decree recites the facts found by the court from the evidence, it will be presumed, in the absence of anything in the record to the contrary, that the facts thus found were proven by competent evidence.

6. SAME—*Preservation of the Evidence in the Record.*—The averment of a fact found in the decree is conclusive unless contradicted in the record, and this can not be determined by a reviewing court without knowing that the record presents all the evidence heard by the chancellor.

7. SAME—*Presumptions in Support of the Decree.*—In the absence of a certificate showing that all the evidence heard by the trial court is presented, it will be presumed that there was sufficient evidence to warrant and sustain the finding.

Bill for Foreclosure and Cross-Bill for Relief.—Appeal from the Circuit Court of Clinton County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

T. E. FORD and VAN HOOREBEKE & LOUDEN, attorneys for appellant.

ANDREW L. CHEZEM and M. P. MURRAY, attorneys for appellees.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This was a bill in equity, filed May 1, 1900, to foreclose a mortgage, dated November 27, 1899, on 290 acres, securing three notes of the same date, one for $1,100, due in one year; and two for $900 each, due two and three years after date, all bearing seven per cent interest, and given for a part of the purchase price for the land mortgaged. By their terms none of the notes were due when this proceeding was commenced. The right to foreclose was based upon the allegation that covenants in the mortgage to insure the buildings, pay the taxes, and not to commit waste, had been broken, and that by the terms of the mortgage, for such breaches complainant had an option to declare all of the notes due, and to foreclose.

Appellees answered the bill, admitting the execution of the notes and mortgage, but denying a breach of any of the covenants.

They also filed a cross-bill, and an amended cross-bill, in which they allege specifically and at length, fraud and false representations by appellant as to the value and character of the land, and the timber and improvements on it, and allege that they were induced to buy by these false and fraudulent representations. Appellees further allege that they have already paid $3,300 in land and $400 in money, and that this is more than the land deeded to them is worth, and that the notes are without consideration and the mortgage a cloud upon the title.

The answer to this cross-bill denies these allegations.

Replications were filed and these are the issues in the case.

The chancellor found that appellees owed appellant $12.40 for taxes paid by him, and ordered that sum to be paid by them to him, and in default that the land be sold. Upon all other issues the findings were against appellant, and as to these issues, the original bill was ordered dismissed. Upon the allegations of the cross-bill, specific findings of fact were made sustaining its allegations, and the notes and mortgage specified in the original bill were decreed to be null and void, and that they should remain in the files of the case. All costs were taxed against complainant, except five dollars, which were taxed against defendants. The case was heard by the chancellor in open court, upon documentary evidence and the oral testimony of some thirty witnesses.

We do not enter into an analysis of the evidence in this opinion, as the case, as presented, is not in form under the rules of this court, to be considered on its merits.

The pleadings and decree, covering fifty pages, are not abstracted at all, but refer to the record by pages. This is indexing, not abstracting. Chamberlin v. Cary, 67 Ill. App. 542.

The abstract contains over one hundred pages and is not indexed. This is not in compliance with the rule. Rule 23 requires a complete and indexed abstract of the entire record.

Appellees also insist that the certificate of evidence does not state that all the evidence is presented that was heard by the court. The certificate is as follows:

" And forasmuch as the matter and things above set forth do not fully appear of record herein, the complainant tenders this his bill of exceptions, and prays that the judge of the court may sign and seal the same according to the statute in such case made and provided, which is done accordingly this 18th day of July, A. D. 1900.

TRUMAN E. AMES,     (SEAL)<br>
Judge Presiding."

Following this certificate, on the next page, is this statement of the stenographer:

" I, Carrie A. Reed, official reporter in and for the county of Clinton and State of Illinois, do hereby certify that the above and foregoing is a true and correct copy of all my official notes taken in the trial of said cause; that this is the first transcript of the same; that this was ordered by the complainant, who paid me my fees for transcribing the same.

CARRIE A. REED, (SEAL)<br>
Official Reporter."

The certificate of an official reporter is not the certificate of the judge, but even this certificate of the reporter fails to state that she took notes of all the evidence that was heard by the court, or that her notes that were taken, were true and correct.

Appellant replies to the charge that the certificate is insufficient, by saying:

"The record shows certificate of what purports to be all the evidence in the case, and if there was other evidence, appellee, who is seeking to sustain his decree, should have preserved same, and had it in the record in some form." Citing Johnson v. Sackett et al., 146 Ill. 646.

We think an inspection of the certificate does not show that it purports to contain all the evidence, but clearly shows that it does not so purport. Neither does the case cited by counsel for appellant sustain his position. It is said in it:

"The record contains no certificate of evidence, but the depositions of various witnesses are on file, and there is also on file the report of the master to whom the cause was referred to take proofs, etc. * * * There is no affirmative recital that the transcript contains all the evidence adduced at the hearing, and the decree recites that the cause was heard on the pleadings, the report of the master, and upon written, documentary, record, oral and other proofs heard in open court. * * * It is well settled that in proceedings in chancery it is incumbent upon the party seeking to sustain a decree in his favor, to preserve the evidence upon which it is based, in the record, in some proper form. * * * But there are various modes in which the evidence may be preserved in the record. Thus depositions on file became *ipso facto* parts of the record, and the same is true of evidence reported by the master. * * * When evidence is heard in open court, it must be preserved

by a certificate of evidence, but where the decree recites the facts found by the court from the evidence, it will be presumed, in the absence of anything in the record showing the contrary, that the facts thus found were proven by competent evidence."

In the case at bar, the chancellor recites in the decree his findings of fact upon which it is based. It shows that the case was heard upon the pleadings and the testimony of witnesses in open court. The findings of fact, if correctly found, are sufficient to warrant the decree. It was not necessary, then, for appellee, in the first instance, to supply other evidence to sustain a decree from which appellant appeals. The averment of fact in the decree is conclusive unless contradicted by the evidence in the record, and this can not be determined by a reviewing court without knowing that the record presents all the evidence heard by the chancellor. Cooley v. Scarlett, 38 Ill. 316; Allen v. LeMayne, 102 Ill. 27.

In the absence of a certificate that all the evidence is presented that was heard by the trial court, it must be presumed that there was sufficient evidence to warrant and sustain the finding. Brown et al. v. Miner et al., 128 Ill. 148; First Nat. Bank v. Baker, 161 Ill. 283.

In the absence, then, of a certificate that all the evidence is presented in the record, and for the reasons herein stated, the judgment of the court is affirmed.

It may not be out of place, however, to say in addition, that we have examined the evidence as presented in the abstract, and from such examination are of the opinion that no injustice has been done complainant. Judgment affirmed.