## John F. Brockway, Appellee, v. John M. McClun, Appellant.

### Gen. No 14,528.

1. SERVICE BY PUBLICATION—*when affidavit sufficient. Held*, that the form of affidavit (not set forth in the opinion) was sufficient upon which to predicate service by publication.

2. FORECLOSURE—*who necessary parties.* A mortgagor is a necessary party in a proceeding to foreclose filed against his grantee.

3. STIPULATIONS—*power of chancery to relieve against.* It is within the power of a court of chancery to permit a party to withdraw a stipulation made in a cause if it appears that such stipulation was executed by the solicitor of such party without authority and without full knowledge of its contents and that the action of such solicitor in so doing was subsequently repudiated by the client.

4. TRUST DEEDS—*effect of extension of payment beyond maturity.* An agreement by which the payment of a debt secured by a trust deed is extended beyond the time of maturity, does not affect the right of the holder of such deed to declare, pursuant to the terms of the trust deed, the whole debt due for breach of a covenant to pay taxes.

5. TRUST DEEDS—*when election to declare whole debt due sufficient.* It is not essential in order to declare a whole debt secured by a trust deed due for breach of a covenant to pay taxes that notice of the election made pursuant to the terms of the trust deed be given; the filing of the bill is sufficient evidence of such election.

6. TENDER—*effect of, as admission.* A tender of a sum of money in payment of a specific item is *prima facie* an admission that such item is correct as to the amount tendered.

7. PARTIES—*when objection to, waived.* If a party who seeks to urge the nonjoinder of necessary parties in a bill to foreclose has by his answer sought to set up the names of all the parties in interest in the cause and has failed to mention the particular party claimed not to have been joined, he is thereby precluded from urging on review the nonjoinder of such party.

8. APPEALS AND ERRORS—*application of maxim de minimis non curat lex. Held*, that a reversal would not be awarded even though it might appear that there had been an excessive computation of interest, the amount of such excess being claimed as $1.20.

9. APPEALS AND ERRORS—*when statutory damages not awarded.* Notwithstanding the Appellate Court may be of the opinion that the contentions of the appellant are clearly without merit, yet statutory

damages will not be awarded where it may be that upon a further appeal a different judgment will be rendered by the Supreme Court.

Foreclosure. Appeal from the Circuit Court of Cook county; the Hon. George A. Carpenter, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed May 20, 1909.

Tinsman, Rankin & Neltnor, for appellant.

E. H. Arnold, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

This cause is before us for a review of the decree of foreclosure entered by the Circuit Court. It appears from the pleadings and the proofs that Laura P. Raisor, a widow, was indebted on December 21, 1901, to John F. Brockway in the sum of $4,000; that such indebtedness was evidenced by her note of that date, payable to the order of John F. Brockway on December 21, 1906, after date, for $4,000, with interest at the rate of two per cent per annum, payable semiannually; that to secure this note Laura P. Raisor executed and delivered to John F. Brockway as mortgagee a mortgage of even date with the note, conveying certain real estate in Chicago. Among other conditions in said mortgage we find the following, viz:

"But it is expressly provided and agreed that if default be made in the payment of the said promissory note, or any part thereof, or the interest thereon, or any part thereof, at the time and in the manner above specified for the payment thereof, or in case of waste or nonpayment of taxes or assessments on said premises, or of a breach of any of the covenants or agreements herein contained, then and in such case the whole of the principal sum and interest secured by the promissory note in this mortgage mentioned shall thereupon, at the option of said mortgagee or his executors, administrators, attorneys or assigns, become immediately due and payable, and this mortgage may be immediately foreclosed to pay the same by said mortgagee," etc.

The bill was filed before the time maturity of the indebtedness, on the election of the complainant to declare the whole amount due and to file his bill to foreclose the mortgage under the power conferred by the condition last recited, because of the failure to pay certain taxes when they became due, being followed by a sale to pay the same, necessitating redemption therefrom by complainant.

Appellant answered, denying any breach of any of the covenants of the mortgage, or that default had been made in the payment of interest or taxes, and averring that the filing of the bill before the maturity of the note was premature. The cause was referred to a master to take the proofs and state an account between the parties. The master took the proofs and stated the account, recommending in his report that a decree of foreclosure be entered in accordance with the prayer of the bill, and a sale of the mortgaged premises had to satisfy the amount due for principal and interest of the indebtedness secured by the mortgage, together with amounts paid to redeem the mortgaged property from tax sale and the payments of certain solicitor's fees provided to be paid by the terms of the mortgage. Objections were filed to the master's report, which, being overruled by the master, were refiled as exceptions before the chancellor, who, overruling all of them, entered a decree of foreclosure and sale, according to the master's recommendation.

Appellant brings the record to this court for review, and urges as grounds for reversal that there is a lack of necessary parties defendant; that the bill was prematurely filed; that there is no sufficient evidence of any tax sale or redemption therefrom, and that no part of the indebtedness was due at the time the bill was filed; that the time of payment of the indebtedness had, before the filing of the bill, been extended five years; that a certain stipulation between coun-

sel was improperly excluded; and that the affidavit of non-residence of certain defendants is defective.

The maker of the mortgage, the proof shows, was a widow at the time of its execution, named Laura P. Raisor; that she subsequently married the defendant, Edgar B. Gray; that the husband and wife are non-residents of this State and reside in the city of Indianapolis, in the State of Indiana. The proof also shows that the mortgagor conveyed her interest in the mortgaged premises prior to the filing of the bill.

The objection made to the form of the affidavit for publication is without force. Mrs. Gray, the mortgagor as Laura P. Raisor, was a necessary party to the bill, notwithstanding she had parted with her interest in the equity of redemption prior to the commencement of this suit. The affidavit and the publication notice were sufficient under our statute to vest the court with jurisdiction to adjudicate her rights in the mortgaged premises. Marsh v. Green, 79 Ill. 385; Stiger v. Bent, 111 *ibid.* 329.

The withdrawal of the stipulation between the parties was a matter resting in the sound discretion of the chancellor. Its exclusion as evidence was justified from the fact, made to appear at the time it was offered, that it was executed by the solicitor of complainant without full knowledge of its contents, and that his action in so doing, being unauthorized by his client, the complainant, was subsequently repudiated by him. Sullivan v. Eddy, 154 Ill. 199. Extending the time of the payment of the note beyond its maturity, if such an agreement was in fact made, in no aspect of the case relieved any party liable from the performance of the agreements binding upon them to the time of maturity of the indebtedness, under the terms of the note and mortgage. Such an agreement does not affect the right of a mortgagee to declare the whole amount due for non-payment of taxes or interest, if such is one of the conditions of the mortgage. Notice of such an election to declare the whole amount

due for breach of covenant, is not essential. The filing of the bill is sufficient evidence of such election. Brown v. McKay, 151 Ill. 315.

It is a complete answer to the contention that the proof of non-payment of taxes and redemption from tax sale is deficient, to refer to the evidence of certain of appellant's witnesses, who testified that on the 20th day of December, 1906, a tender was made to complainant of $70, which complainant had theretofore paid out to redeem the mortgaged property from a tax sale. This was ample at least as *prima facie* proof of that fact, even were other proof lacking, to shift the burden to appellant of overcoming such *prima facie* case by countervailing proof. The stipulation of the parties that complainant paid, June 24, 1907, $47.47 for the general taxes levied upon the mortgaged property for the year 1906, constituted *prima facie* evidence of that fact, from which it is to be inferred that appellant had made default in payment of such taxes, which, in itself, would constitute a breach of the covenant of the mortgage relating to default in the payment of taxes. For such a breach of the condition of a mortgage, the mortgagee has the power to declare the whole amount due and to file a bill with that object in view, without any further notice of his intention so to do other than that which is to be implied from the commencement of the foreclosure proceedings. Brown v. Miner, 128 Ill. 148; Gray v. Robertson, 174 *ibid.* 242.

The further contention that the property described in the tax receipt does not appear to be the same as the mortgaged premises, we think is waived by the stipulation under which that tax receipt became evidence. However this may be, an examination of the tax receipt discloses that while the property on which the tax was paid is not described in the same language as that in which the property is described in the mortgage deed, yet that it is apparently the same land.

If this is not so, we think the burden of so demonstrating by evidence was cast upon appellant.

The claim that William H. Wells and William E. Elliott have such an interest in the mortgaged premises that they should have been made parties, is unavailing. Not only does the record fail to disclose that these persons have any interest in the mortgaged premises, but appellant pretended to set up in his answer the names of all the parties interested. He failed to mention either Wells or Elliott among them. We think appellant is now concluded by the averments of his answer. It is clear that default had been made in payment of taxes, and that the mortgaged property had been suffered to be sold by reason thereof, and that appellee made redemption, and therefore had the right, by reason thereof, to declare the whole amount of the mortgage indebtedness due, and to file his bill to foreclose, and that his so doing at the time when the bill was filed was not a premature act.

The contention that the computation of interest is excessive to the amount of $1.20 is not well taken and, if it were, would not constitute ground for reversal. The maxim *de minimis non curat lex* might, regardless of the fact, constitute an all sufficient answer to this contention.

While from the foregoing opinion it is plain appellant's contentions on this appeal are clearly without merit, yet we do not regard it as a case calling for the assessment of statutory damages. On further appeal the court of *dernier ressort* may or may not be inclined to yield to complainant's demand. If it shall agree with our views and also to the contention that the appeals are vexatious and void of merit, statutory damages may yet be awarded.

The record being, in our opinion, free from error, the decree of the Circuit Court is affirmed.

*Affirmed.*