CHARLES WASHBURN, Appellee, *vs.* SARAH J. SCOTT, Appellant.

*Opinion filed April 23, 1908.*

1. APPEALS AND ERRORS—*findings of decree are presumed to be warranted by the evidence if the evidence is not preserved.* The findings of a decree overruling objections to the report of partition commissioners and confirming the report will be presumed to have been warranted by the evidence heard, where there is no bill of exceptions or certificate of evidence preserving all the evidence heard by the chancellor.

2. SOLICITORS' FEES—*when solicitors' fees are properly allowed in partition.* Where the original bill in a partition proceeding correctly sets out the interests of the parties and the defendant fails to present any substantial defense, it is not error to allow a reasonable fee for complainant's solicitors as costs.

APPEAL from the Circuit Court of Fayette county; the Hon. A. M. ROSE, Judge, presiding.

JOHN A. BINGHAM, for appellant.

B. W. HENRY, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from the circuit court of Fayette county, and brings up for review the record of that court in a chancery proceeding for partition and assignment of dower and homestead.

The facts are not in dispute. David J. Washburn died in 1893, seized in fee simple of the premises in controversy, which were occupied by him, at the time of his death, as a homestead. He left Sarah S. Washburn, his widow, and Charles Washburn and Sarah J. Scott, his legally adopted children. The widow continued to occupy the premises as a homestead after her husband's death, and was so occupying them at the time the decree was rendered in this case. It is admitted by the pleadings in the case that the widow

is entitled to dower and homestead in the premises, and that Charles Washburn and Sarah J. Scott are each entitled to an undivided one-half interest in fee, subject to the widow's dower and homestead.

By her cross-bill the widow claimed a balance due her on her award of $120. This claim appears to have been disputed by Sarah J. Scott. Upon a hearing the circuit court allowed $90 of this claim and made the same a lien upon the interests of the owners of the fee, charging half of it to each of them.

The decree of the court was in accordance with the prayer of the bill, and commissioners were appointed to make partition and assign the dower and homestead of the widow. The commissioners reported that they had assigned the homestead and dower of the widow and divided the premises equally between the two heirs. Sarah J. Scott, who had made default, being dissatisfied with the allotment made by the commissioners, filed a petition to open up the decree and for leave to answer. The court set aside the report of the commissioners and permitted Sarah J. Scott to answer the original bill and file a cross-bill. By her cross-bill she attacks the right of the widow to have any sum allowed her as a balance on her award, and charges that if any balance was due her it was paid by the rents and profits she had received from the premises. There is also a charge in this cross-bill that Sarah S. Washburn had enjoyed the rents and profits of all the premises from the time of her husband's death, and prayed that she might be required to account for the same. The cross-bill was never answered and no issue was made up for trial or tried on the question raised by it. Other commissioners were appointed, who made partition and assigned the widow's homestead and dower, and made a report thereof to the court in substantially the same form as that made by the commissioners first appointed. Sarah J. Scott again filed exceptions to the report of the commissioners, in which she claimed that there

was a difference of $200 between the land allotted to her and that assigned to Charles Washburn. She brought $200 into court and offered to pay that amount as difference if Charles Washburn would exchange his allotment for hers. She supported her objection in this regard by the affidavits of three persons. The court overruled her objections and confirmed the report of the commissioners. The court also allowed an attorney fee of $125 to complainant's solicitors.

The condition in which the record of this case is presented to this court is such that there is no question properly preserved for review. There is no certificate of evidence in the record nor is the evidence otherwise presented to this court. The decree of the court recites that "the court heard evidence of witnesses, being the evidence of two of the commissioners," and from a consideration of the evidence the court overruled appellant's objections to the report and found the fact to be that the division made was fair and equal between the parties in interest. In the absence of a bill of exceptions or certificate of evidence it must be presumed that the findings were warranted by the proofs heard by the court. Even if the affidavits which are in the record are properly before us, the decree affirmatively shows that the affidavits were not the only evidence heard by the court. In the absence of a certificate preserving all of the evidence heard by the trial court it must be presumed that there was sufficient evidence to warrant and sustain the finding. (*Brown* v. *Minor,* 128 Ill. 148; *First Nat. Bank* v. *Baker,* 161 id. 281; *Allen* v. *Henn,* 197 id. 486; *King* v. *King,* 215 id. 100.) The same observation may be applied to appellant's contention in respect to the allowance of $90 balance due the widow on her award.

The original bill in this case having correctly set out the interests of all the parties and appellant having failed to present any good and substantial defense, there was no error in allowing a reasonable solicitor's fee as costs. (Hurd's Stat. 1905, chap. 106, sec. 40.) In addition to this, it ap-

pears that the solicitor's fee was allowed by consent of the appellant's counsel.

So far as the rents and profits are concerned, that question is not in the case. While there are some general statements in appellant's cross-bill in regard to the duty of the widow to account for the rents and profits, as already suggested no issue of that kind was presented to the court and no decree upon that question was entered.

There being no error in this record the decree of the circuit court is affirmed.

*Decree affirmed.*