# Fred A. Bevan, Defendant in Error, v. Don J. Bevan, Plaintiff in Error.

## Gen. No. 5,456.

1. PARTITION—*when allowance of fees of solicitor proper.* If the bill correctly state the rights and interests of the parties and no substantial defense is interposed, the allowance of the complainant's solicitor's fee is not improperly made merely because the complainant in the negotiations for an agreement of partition may have acted unreasonably.

2. PARTITION—*when amount allowed for complainant's solicitor's fees not excessive.* Held, in this case, under the evidence, that $400 was not an excessive allowance.

3. PARTITION—*when costs of publication properly taxed.* Held, that the action of the court in refusing to tax costs of publication against the complainant was not improper where such costs were incurred in bringing in parties essential to the jurisdiction of the court in order to remove clouds.

Partition.  Error to the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

A. L. GRANGER, for plaintiff in error.

COOPER & HOBBIE, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

This writ of error brings before us for review the record in a partition suit brought in the Kankakee circuit court by Fred A. Bevan against Don J. Bevan for the partition of 240 acres of land in said county, which resulted in a decree of partition. Don J. Bevan assigns for error that no solicitor's fee should have been awarded complainant, that the sum awarded as a solicitor's fee was excessive, and that the court should have taxed against the complainant the costs of publication

for non-resident defendants.

The answer of Don J. Bevan conceded that the bill of complaint correctly stated the rights and interests of the parties, which were an undivided two-thirds interest in the complainant and an undivided one-third interest in Don J. Bevan. The bill alleged that the parties could not agree on a partition, and the answer denied that they could not agree. Don J. Bevan testified on this subject and his evidence makes it clear that they could not agree. His claim virtually is that complainant was unreasonable, and that if he had been reasonable they could have agreed. This only shows the necessity for this suit. The chief bone of contention seems to have been the one dwelling house on the property. Don J. Bevan wanted that part of the land, because he had no dwelling house, while Fred A. Bevan had a dwelling house on other lands. Fred A. Bevan was willing Don J. Bevan should have the house, but insisted that if he took the house he should have less land than Don J. Bevan demanded. However reasonable Don. J. Bevan's position may have been, Fred A. Bevan was not obliged to consent to the partition proposed to him. We cannot conceive it to be the law that if a part owner of land will not agree to a particular reasonable proposition made to him for a partition, he cannot maintain a bill for a partition by a court. No one owner of land can force upon another owner any particular division. Indeed, it is not necessary to either allege or prove that the tenants in common cannot agree upon a partition. Trainor v. Greenough, 145 Ill. 543. As the rights of the parties were correctly stated in the bill and no good and substantial defense was interposed, the statute (R. S. 1909, chap. 106, sec. 40) authorized the court to apportion the costs between the parties, including a reasonable solicitor's fee. Washburn v. Scott, 233 Ill. 569; Stollard v. Nycum, 240 Ill. 472.

The land was worth from $12,000 to $14,000 and there were numerous imperfections in the title which complainant's solicitor removed, and the preponderance of the evidence is that $400 was the usual, reasonable and customary fee for such services in that county. Complaint is made that complainant's solicitor did not show how much time he spent. The petition for an allowance stated what work the solicitor had done. The proof shows that the witnesses examined the files before testifying to the usual and customary charge for such services in that county. We do not feel warranted in disturbing the conclusion of the court that $400 was a reasonable solicitor's fee for complainant.

After the original bill had been filed and answered complainant filed an amended bill, setting up many defects in the title and seeking to have the same removed as clouds, and to that bill numerous non-resident parties were made defendants. Ten days after the amended bill was filed the solicitor for Don J. Bevan filed for record instruments removing or curing two of the most serious defects; and thereupon he moved the court that complainant be required to proceed to a hearing at once, without waiting to bring in the new defendants by publication, and that unless he did so the bill should be dismissed. This motion was denied; and thereafter publication was had as to said non-resident defendants, such notice being returnable at the next term; and at said next term the cause was heard, the clouds removed and partition decreed. Don J. Bevan then moved that the cost of publication be taxed against the complainant only. The court denied this, and taxed two-thirds of all the costs, including the solicitor's fee and the cost of publication, against complainant and one-third against Don J. Bevan. Section one of the Partition Act authorizes the removal of clouds upon the title to the premises sought to be partitioned. It is optional with complainant whether

he shall so frame his bill. Sanford v. Sanford, 157 Ill. App. 350. As Don J. Bevan did not file the instruments curing certain defects till ten days after the amended bill was filed, that action only shows that it was proper to file the amended bill. If Don J. Bevan had thereby cured all the defects, the subsequent publication as to non-resident defendants would have been improper, but he thereby cured only two out of some fourteen defects. He contends that certain of the other alleged defects were not really such, and that, as to the remaining defects, they could have been more cheaply cured by filing for record an affidavit stating the facts. Such an instrument possesses no legal validity (Warville on Abstracts, 2nd Ed., chap. 21, sec. 11) though often used by common consent to satisfy intending purchasers what the facts really are, without resort to legal proceedings to clear the cloud. Such affidavits are often accepted in real estate transactions as evidence of the facts therein stated, and perhaps they are just as likely to be reliable and satisfactory as statements of alleged facts by grantors in deeds or by officers in certificates of acknowledgment, where the grantor or officer has no authority to bind third parties by such statements. Attebery v. Blair, 244 Ill. 363. But neither affidavits nor unauthorized statements in deeds or certificates of acknowledgment bind third parties, and they do not in fact remove the clouds. They only tend to satisfy persons thereafter dealing with the property that the clouds do not really exist. If a grantor states in his deed that he is unmarried, or if the officer states in his certificate of acknowledgment that the grantor is unmarried, or if an affidavit is filed saying the grantor is unmarried, the grantor's living wife is not affected by such statements. Her rights remain the same after as before such statements are placed of record. Attempts to remove clouds from title by affidavits must necessarily

be much less satisfactory and valuable to intending purchasers than their removal by legal proceedings, after the parties holding the clouds have been brought into court in the manner provided by law and given an opportunity to establish their rights in the property. Inasmuch as complainant had a bill pending, we think that when these defects were discovered, it was entirely proper to bring into that suit the parties who held those clouds, and to have the clouds removed by legal proceedings binding upon the parties. This was for the benefit of both owners. The title to the land set-off to Don J. Bevan has been improved. If partition had been found impracticable a better title would have been offered to bidders, and it is reasonable to presume that a better price would have been obtained at a sale.

The decree is therefore affirmed.

*Affirmed.*