## City of Sullivan, Appellee, v. Central Illinois Public Service Company, Appellant.

1. INJUNCTION, § 382*—*when evidence will be stricken from record on appeal.* On appeal from a judgment in a suit for an injunction entered in accordance with the findings of a master in chancery to whom the issues were referred, where the part of the record containing what purports to be evidence taken before the master is not signed by him nor is there any certificate by him that this evidence was all of the evidence heard by him, though it is followed by a certificate signed by a third person which states that "the above and foregoing is a true and correct copy of all the evidence offered by the respective parties in the case at the hearing held before the master in chancery," and the evidence is not preceded by any order in the record identifying it as a report of the master filed in the cause on a particular day, such evidence will be stricken from the record.

2. INJUNCTION, § 382*—*when pages will be stricken from record on appeal.* On appeal from a judgment in a suit for an injunction,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pages of the record which purport to set out the testimony of the witnesses heard by the court will be stricken from the record where there is no certificate of evidence preserving the evidence so heard, no certificate by the court that it was all of the evidence heard and nothing in the record to show that it contains all of the evidence heard upon hearing.

3. APPEAL AND ERROR, § 726*—*necessity of preserving evidence in equitable proceeding.* The presumption obtaining in actions at law, where the record fails to show that it contains all the evidence heard on the trial of the cause, that the evidence heard was sufficient to sustain the judgment, does not prevail in equitable proceedings, and the evidence in support of the decree must be preserved.

4. APPEAL AND ERROR, § 735*—*when master's report is part of record.* In an equity proceeding, where the evidence is all heard by the master and he files his report in the cause, the report becomes a part of the record.

5. APPEAL AND ERROR, § 726*—*how evidence in equity proceeding may be preserved.* If the evidence in an equity proceeding is heard by the chancellor in open court, it may be preserved by a certificate of evidence or a finding of the facts in the decree.

6. APPEAL AND ERROR, § 1270*—*what is presumption when decree recites facts found by court.* Where a decree recites the facts found by the court from the evidence, it will be presumed, in the absence of anything in the record showing the contrary, that the facts thus found were proved by competent evidence, and the finding cannot be reversed unless all the evidence heard on the trial is preserved.

Appeal from the Circuit Court of Moultrie county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919.

VAUSE, HUGHES & KIGER, for appellant.

J. K. MARTIN and E. J. MILLER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

By its amended bill filed in the Circuit Court of Moultrie county, appellee prayed for a mandatory injunction to compel appellant to vacate the streets and alleys and to cease using its poles, lines, transformers

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and other property in the City of Sullivan. Appellant filed a cross-bill asking that prosecution of an ejectment suit theretofore brought by appellee against it for the same purpose be restrained. When the issues were settled, the cause was referred to Oscar F. Cochran, master in chancery, who heard some of the evidence, if not all of it, and made a report of his conclusions wherein he recommended that the prayer of the amended original bill be granted and also that the prayer of the cross-bill be granted, and a decree was entered in accordance therewith. An appeal was taken to this court and upon motion of appellee was transferred to the Supreme Court. That court, upon motion of appellant, transferred the case back to this court. *City of Sullivan v. Central Illinois Public Service Co.,* 287 Ill. 19.

Appellee now, in this court, has made a motion to strike pages 106 to 688½, inclusive, and pages 690 to 696, inclusive, from the record and to affirm the decree on the ground that no evidence has been preserved by the master's report or certificate of evidence. The pages of the record between 106 and 688, inclusive, contain what purports to be evidence taken before the master. It is not signed by the master nor is there any certificate by him that this evidence was all the evidence heard by him, but on pages 688½ is a certificate that "the above and foregoing is a true and correct copy of all the evidence offered by the respective parties in the case at the hearing held before the master in chancery." This certificate is signed by one Nettie Bristow. Page 689 of the record shows that certain testimony was taken in open court on February 18, 1918. Pages 690 to 695, inclusive, purport to set out the testimony of the witnesses heard by the court at that time. There is no certificate of evidence preserving the evidence so heard before the court. The evidence is simply written into the record and there is no certificate by the court that it was all the

evidence heard and there is nothing in the whole record to show that it contains all the evidence heard upon the hearing of the cause. A supplemental record has been filed which contains the findings of law and fact by the master in chancery, but there is nothing in the supplemental record which tends to show that the report of the findings of the master in chancery is based upon the evidence that appears in the record or that it was attached to the same and made a part thereof. There is nothing in the record anywhere by which this court can determine that it contains all the evidence which was heard upon the hearing. In fact, the record does not show that the evidence contained on pages 106 to 688, inclusive, and purporting to have been heard by the master in chancery, was ever filed in the case. This alleged report of the evidence commencing on page 106 of the record is not preceded by any order in the record identifying it as a report of the master in chancery filed in said cause on a particular day. As stated before, it is not signed by the master in chancery, and there is no authorized certification that it contains all the evidence heard by the master. In regard to the evidence heard before the court on pages 689 to 695, inclusive, there is no certification by anybody of any kind. The motion by appellee to strike from the record pages 106 to 688½, inclusive, and pages 690 to 696, inclusive, is sustained and said pages are hereby stricken from the record.

In an action at law where the record fails to show that it contains all the evidence heard on the trial of the case, there is a presumption of law that the evidence heard was sufficient to sustain the judgment. No such presumption prevails in equitable proceedings and the evidence in support of the decree must be preserved. Where the evidence is all heard by the master in chancery and he files his report thereof in said cause, such report becomes a part of the record. If the evidence

is heard by the chancellor in open court, it may be preserved by a certificate of evidence or a finding of the facts in the decree. Where the decree recites the facts found by the court from the evidence, it will be presumed, in the absence of anything in the record showing the contrary, that the facts thus found were proved by competent evidence, and the finding cannot be reversed unless all the evidence heard on the trial is preserved in the record and thus brought before the court. *Jackson v. Sackett,* 146 Ill. 646; *Allen v. LeMoyne,* 102 Ill. 25; *Brown v. Miner,* 128 Ill. 148. In the case of *Allen v. Henn,* 197 Ill. 486, the court held: "The certificate of evidence, found in the record, does not state that the evidence, set forth in the certificate, was all the evidence presented to and heard by the court upon the hearing below. The facts found by the decree, as above set forth, justified the court in entering the decree which it rendered. If there had been no certificate of evidence in the record, it would be presumed that the findings of the decree were warranted by the proofs heard by the court. But as the certificate of evidence does not purport to preserve all the evidence heard by the trial court, it must be presumed that there was sufficient evidence to warrant and sustain the findings. (*Brown v. Miner,* 128 Ill. 148; *First Nat. Bank v. Baker,* 161 Ill. 281.)" See also *Washburn v. Scott,* 233 Ill. 569.

The findings of fact in the decree fully sustain the chancellor in ordering the relief granted therein and it must be presumed that the evidence sustains the decree.

The decree of the Circuit Court is affirmed.

*Affirmed.*