# City of Sullivan, Appellee, v. Central Illinois Public Service Company, Appellant.

1. INJUNCTION—*when mandatory injunction requiring removal of wires from streets sustained.* A mandatory injunction requiring an electric light company to remove its poles, wires and other apparatus from the streets of complainant city was sustained, where defendant operated as the assignee of an individual but the license had expired and was never renewed, and where no new ordinance had been granted, notwithstanding the fact that electric power had been furnished to the city by defendant for the operation of city water pumps, lights had been for years supplied in the city hall and certain of the tracks had been removed from the city square to alleys, and new equipment for defendant's plant had been installed after complaints by the inhabitants and after conferences with the city, and upon its request and demand.

2. APPEAL AND ERROR—*powers of Appellate Court on remand from Supreme Court.* After the reversal of a mandatory injunction proceeding and remandment to the Appellate Court with directions to decide the case upon the merits from the evidence in the record, the Appellate Court was not at liberty to do anything but pass upon the merits upon the record as it was when transferred from the Supreme Court; and therefore a motion to withdraw the certificate of the clerk of the circuit court which was attached to a document purporting to be a copy of the master's report filed in the Supreme Court, and to file in lieu thereof an amended certificate so that "it should speak the truth," was denied.

3. APPEAL AND ERROR—*when party not entitled to complain of manner of proving fact.* Where, in a mandatory injunction case to compel the removal of defendant's electric apparatus from the streets of complainant city, defendant claimed that a certain ordinance could only be properly proven by the record of the city council or a certified copy thereof, but where it also appeared that such ordinance was set out *in hæc verba* and made part of the bill, defendant was precluded from taking advantage of the point, because in its cross-bill it asserted that it had no defense to the original bill except that of equitable estoppel set out in such cross-bill, as this was an admission of the truth of the allegations of the original bill and therefore no proof of the facts not in controversy was necessary.

4. EQUITY—*effect of admissions in cross-bill on matters to be proved.* Where a cross-bill admitted the truth of the allegations of the original bill, proof of the facts not in controversy was not necessary. Vol. CCXXI 36

562    APPELLATE COURTS OF ILLINOIS.

City of Sullivan v. Central Illinois Pub. Serv. Co., 221 Ill. App. 561.

5. ESTOPPEL—*what essential to invoke doctrine.* Before the doctrine of equitable estoppel can be invoked in aid of a litigant it must appear that the party against whom it is invoked has by his words or conduct caused such litigant to believe in the existence of a certain state of things and induced him to act upon that belief.

6. ESTOPPEL—*when city not estopped to require removal of poles and wires from streets.* An electric light company was not entitled to invoke the doctrine of equitable estoppel in a proceeding by a city for a mandatory injunction to remove its poles and other apparatus from the streets, on the ground that the city had recognized defendant's rights by using its electric current and accepting lights in the city hall and by other acts of recognition, where no ordinance had ever been granted to defendant to use the streets, and where, ever since defendant's purchase of its plant, it had been trying to obtain an ordinance, and where the city council had never directly recognized any rights of defendant to operate and maintain its plant.

7. MUNICIPAL CORPORATIONS—*rights as to operation of electric plant.* In a proceeding for a mandatory injunction by a city to compel the removal of poles and other apparatus of defendant from the streets, where defendant claimed that it was inequitable under the circumstances for the city to maintain and operate an electric light plant of its own, and that in equity and good conscience the city should either have passed an ordinance granting such right to defendant or purchased its plant, *held* that the city was under no legal or equitable obligation to do either and that the contention was without merit.

Appeal from the Circuit Court of Moultrie county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed April 19, 1921. *Certiorari* denied by Supreme Court (making opinion final).

JAMES VAUSE, JR. and CARL D. KIGER, for appellant.

HOMER W. WRIGHT, C. R. PATTERSON and E. J. MILLER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

The Central Illinois Public Service Company, appellant, prosecutes this appeal to reverse a decree rendered in the circuit court of Moultrie county in a suit in chancery instituted by the City of Sullivan,

appellee, for a mandatory injunction requiring appellant to remove its poles, wires and other apparatus from the streets and alleys of said city.

In the amended bill it is averred, in substance, that appellant since the 1st day of January, 1913, has been engaged in the business of furnishing and selling electrical current to the citizens of said city for the purpose of furnishing light, heat and power for commercial purposes, and said electricity is transmitted over wires, poles and appliances placed and strung in the public streets, alleys and other public places in said city without any valid legal right, license or privilege to use the same; that appellant has no license, franchise or ordinance authorizing it to use said streets, alleys and public places for the purposes aforesaid of any kind or character; that appellant claims a right to use said streets, etc., by reason of the assignment of an ordinance passed by the city council on or about the 3rd day of August, 1891, granting to one J. H. Baker the right, privilege and license to use said streets, etc., for the purpose of erecting poles, wires, etc., to be used for the distribution of electricity among the citizens of said city and to furnish heat, light and power to said consumers for a period of 20 years from the date of acceptance of said ordinance, which was on or about the date of its passage, that said license so granted to said Baker by its own terms expired August 3, A. D. 1911, and has not been renewed since said date nor any other ordinance, license or franchise has ever been granted to said Baker or to appellant or to any other person, firm or corporation for said purposes; that said alleged assignment of said ordinance from Baker to appellant took place on or about the 1st day of January, 1913, which was more than a year after the expiration of said license; that appellant had full knowledge at the time of said alleged assignment that the same had expired by its own terms, and that

appellee had refused to renew or extend the same with and to said Baker; that appellee had refused to grant a right, license or ordinance to appellant; that on the 1st day of February, 1915, the City Council of the City of Sullivan passed a resolution declaring that the franchise, right, privilege or license granted to Baker on the 3rd day of August, A. D. 1891, which was attempted to be assigned by Baker to appellant and under which appellant is assuming to operate its plant in the streets, alleys and public places of said city, be terminated and revoked and that all said rights, privileges and licenses that appellant may now have or claim to have to the use of said streets, alleys, etc., be terminated and revoked and that appellant be prohibited from operating and maintaining its electrical plant in said city and be required to remove all said wires, poles, etc., from said streets, alleys, etc., and that the city attorney be directed to commence the necessary legal proceedings to oust appellant from said streets, alleys and public places in said city, and that a copy of said resolution be served upon appellant; that a copy of said resolution was served upon appellant; that ever since the 1st day of January, 1913, and upon divers times and occasions since said date, appellant has applied to appellee for the purpose of having it grant an extension of said license and for a new contract or license to appellant, but appellee has persistently and continually refused to grant any contract, license or ordinance for said purposes to appellant and has refused to recognize the validity of said ordinance, license or contract so granted to said Baker and has refused to recognize the right of said Baker, or said appellant, to use and occupy its streets, alleys, etc., for the purposes aforesaid, or for any other purpose; that within the past 2 years it has been necessary for the officers of appellee to keep constant vigil and watch over appellant

to keep it from unlawfully extending its lines within the streets and alleys of said city, but it has persisted, notwithstanding said vigilance and notices of appellee not to extend its lines, in extending the same over the streets, etc., of said city; that appellant pays the city no compensation for the use of said streets, etc., but has usurped the right to use the same for its own private use, profit and gain without any license, franchise or permission so to do; that said poles, wires and transformers, and other appliances owned by appellant now being upon said public streets, etc., are a menace to the safety of the citizens of said city and are a continuing trespass upon the rights of said citizens and constitute a nuisance; that the ordinance or license alleged in the original bill to have been granted by said city on the 3rd day of August, 1891, was in fact passed by said city council on the 9th day of June, 1891, and which said ordinance is the same ordinance referred to in the resolution set out in this bill as bearing date August 3, 1891. That it be decreed that appellant has no license, right or authority to use said streets, etc., for said purposes, and that a mandatory injunction be issued requiring appellant to remove forthwith from all the streets, etc., all of its property, including its poles, wires, etc., and all other appliances and machinery and property of every kind and character; that it be decreed that appellant has no right to occupy said streets and alleys and that appellee have such other and future relief in the places as equity may require.

Appellant, in its answer, in substance admits that it is engaged in the business of furnishing and selling electrical current to the citizens of said city and has been so engaged since the 1st day of January, 1913, and has maintained wires and poles and appliances upon the public streets, alleys., etc., of said city for said purpose, and has furnished and sold electrical current to appellee itself, but charges that all of this

has been done with the consent of appellee; denies that it has no right to use said streets, alleys, etc., for said purposes and states that since January 1, 1913, it has been furnishing electrical power to appellee for the purpose of operating pumps which draw water from wells owned by appellee and are used to furnish the water supply to the inhabitants of said city, which electrical power is transmitted to said pump over the wires of appellant strung upon poles located in said streets, alleys, etc.; that said electrical power so furnished to appellee was done upon its request and it was necessary for appellant to erect and maintain poles, wires, etc., in said streets, alleys, etc., which were so erected and maintained by appellant with the consent and permission of appellee, subsequent to the 9th day of June, 1911; that appellant, at the request of appellee, furnished to the latter valuable electrical machinery to facilitate the operation of said pumps, of the value, to wit, $1,800, and installed the same in the pumping station of appellee at a great expense, to wit, $400, and that appellee has used said motor for a long space of time, and is still using the same and that appellant has never received any compensation for said motor or for the installation of the same; that appellee, through its officers, has at all times had full knowledge of all the terms, limitations and continuances of the ordinance and franchise rights of appellant and its predecessors and assignors in said city and in said streets, alleys, etc., and with that knowledge requested appellant to set poles and string wires, etc., and built equipped lines in the public streets of said city for the purpose of furnishing electrical power to appellee, and requested appellant to furnish to appellee and install in its pumping station as aforesaid the said electrical motor; that appellant is and has for many years furnished electric lights in the city hall of appellee upon the latter's request and as a part of the consideration of the maintenance of its

poles, etc., in said streets, alleys, etc.; that prior to the 1st day of January, 1913, the electric light and power plant owned by appellant and the machinery and equipment connected therewith, including said poles, wires, etc., became in bad repair and in a run-down, inefficient and inadequate condition for the rendering of electrical service, and it became impossible for appellant to furnish adequate and efficient light and power service to said city and its inhabitants, and, on account thereof, appellee and its inhabitants became dissatisfied with said service and made numerous complaints thereof to appellant and, as a result thereof, numerous conferences were had between appellee and appellant and the latter did, upon request and demand · of appellee and its inhabitants, buy a large amount of new equipment for its said plant, and installed the same in its said plant in said city and spent large sums of money for labor and materials in making said repairs, to wit, the sum of $20,000, and that appellee had full knowledge of the purchase by appellant of said new equipment and the installation of the same, and the extension of said poles, wires, etc., which were all made with the consent and knowledge of appellee and with the information and belief of appellant that it would be allowed to operate its plant and maintain the same in the streets and alleys, etc., of said city for a sufficient length of time to enable it to get back in net earnings the sums of money equal to those which it had expended for said purposes aforesaid, and though it has used every possible care in the operation of said plant, it has not been able to get back a net gain the sum equal to the amount expended for said new equipment, extensions and repairs; that on the 21st day of April, 1914, the city council adopted a resolution that appellant be instructed to remove its poles from the square and to place them in the alleys, under the direction of the Street and Alley Committee; that thereupon appellant urged upon ap-

568    APPELLATE COURTS OF ILLINOIS.

City of Sullivan v. Central Illinois Pub. Serv. Co., 221 Ill. App. 561.

pellee the unreasonableness and injustice of requiring appellant to incur the expense of making said changes without some definite arrangement for the prolongation of its right to use streets, alleys, etc., and that appellee assured appellant that it would at all times in the future treat and deal with it in a just and equitable manner; that in compliance with said resolution and said representations made by appellee, appellant removed its poles, etc., from the streets surrounding the public square in said city and placed them in the alleys back of said streets, under the directions of the Street and Alley Committee, at an expense of, to wit, $2,000; that appellant was informed and believed that it would be permitted by appellee to maintain its equipment in said streets and alleys for a sufficient length of time to enable it to receive back in net earnings from the operation of its plant a sum equal to the amount necessarily expended for the removal of said poles, wires, etc., from said streets surrounding said public square but that appellant has not been able to earn a net income sufficient to repay it the money expended for such removal; that it denies or neither admits or denies nearly all of the material allegations set out in the bill.

On March 3, 1917, appellant filed its cross-bill in which it is averred that on February 23, 1917, appellee brought a suit in ejectment against appellant in the circuit court of Moultrie county to recover possession of those parts of the streets, alleys and public places in said city occupied by the poles, wires, and electrical apparatus of appellant; that the same relief is sought by said suit in ejectment as by the original bill of appellee, and then follows substantially the same averments set out in the answer of appellant to the original bill in regard to the furnishing of electric power to the city to operate its pumps, the furnishing of electric lights in the city hall and the expense of so doing; the request or demand of the city to remove

its poles from the streets surrounding the public square and the placing of the same in the alleys and the expense of so doing. The above facts are alleged to constitute an equitable estoppel and the cross-bill concludes as follows: "That the foregoing facts set forth in this cross-bill are the only defense to the removal of its said poles, wires and other appliances from the said streets, alleys and public places of said city, and that said defense is an equitable defense and not cognizable in an action at law, and that said facts above set forth could not be pleaded or proven in defense of said ejectment suit and that if appellant is compelled to defend said action of ejectment at this time, it will be unable to prove the above matters and facts, set forth herein, and though appellant has equitable rights in said streets, alleys and public places of said city, your orator will not be permitted to show the same in defense of said ejectment suit and your orator further shows to the court that the relief prayed for in the amended bill of complaint filed in this cause, is the same relief as sought by said ejectment suit." The cross-bill then prays that appellee may be enjoined from prosecuting said ejectment suit until a final hearing is had upon the amended bill of complaint and the cross-bill and that at such final hearing a decree may be entered perpetually enjoining the further prosecution of said ejectment suit.

Appellee filed its answer to the cross-bill and the cause was referred to the master in chancery who found the equities to be with appellee on the original bill as amended and with appellant on the cross-bill, and recommended that a mandatory injunction be issued ousting appellant from the streets, alleys and public places of the City of Sullivan, and that appellee be perpetually enjoined from prosecuting said eject- ment suit. A decree was entered by the chancellor pursuant to the recommendation of the master after overruling the exceptions to the master's report.

Appellee has made a motion in this court for leave to withdraw the certificate of the clerk of the circuit court which is attached to the document purporting to be a copy of the master's report filed in the Supreme Court on the 23rd day of April, 1920, and to file in lieu thereof, and to have the clerk of this court attach to said document, an amended certificate of the clerk of the circuit court so that the said certificate "shall speak the truth." When this case was originally before us on this appeal (215 Ill. App. 606), we held that the record did not show the preservation of the evidence by a master's report or a certificate of evidence, and the decree was affirmed because it was sustained by the facts found therein. The Supreme Court has reversed this judgment and has remanded the case to this court with directions to decide it upon the merits from the evidence found in the record. (*Central Illinois Public Service Co. v. City of Sullivan,* 294 Ill. 101.) Under this mandate this court is not at liberty to do anything but pass upon the merits of the case upon the record as it was when transferred from the Supreme Court to this court. The motion therefore must be denied.

It is insisted by appellant that appellee failed to prove certain material allegations in the original bill. It is claimed that the so-called Baker ordinance could only be proven by the record of the city council or by a certified copy thereof. This ordinance is set out *in hæc verba,* and is attached to and made a part of the original bill as amended. It is also pointed out that there is no proof of the service of the notice on appellant to vacate the streets, etc. This notice with the proof of service is also set out in the original bill, as amended. Appellant in its cross-bill asserts that the facts set forth therein constitute the only defense it has to the removal of its poles, wires and other appliances from said streets. This is an admission of the truth of the material allegations

in the original bill as amended. Appellant, by its positive statement in the cross-bill that it has no defense to the original suit except the one of equitable estoppel, set up in its cross-bill, admits the truth of the allegations made in the original bill as amended and no proof of the facts not in controversy was necessary. *Severy v. McDougall*, 259 Ill. 272; *Loughridge v. Northwestern Mut. Life Ins. Co.*, 180 Ill. 269; *Home Insurance & Banking Co. v. Myer*, 93 Ill. 271; *Chicago, R. I. & P. R. Co. v. People*, 222 Ill. 437; *Bourke v. Hefter*, 104 Ill. App. 127.

The only question involved on this appeal is whether the facts proven establish an equitable estoppel as averred in the cross-bill. In the case of *People v. Chicago, B. & Q. R. Co.*, 290 Ill. 327, it is said: "The doctrine of estoppel *in pais* is based on a fraudulent purpose and a fraudulent result. Before it can be invoked in aid of a litigant it must appear that the person against whom it is invoked has by his words or conduct caused such litigant to believe in the existence of a certain state of things and induced him to act upon that belief." In the case of *Washingtonian Home v. City of Chicago*, 157 Ill. 414, estoppel *in pais* is defined as, "an indisputable admission, arising from the circumstances, that the party claiming the benefit of it has, while acting in good faith, been induced, by the voluntary, intelligent action of the party against whom it is alleged, to change his position."

The city council has never passed an ordinance granting to appellant any right to use its streets. The evidence shows without contradiction that appellant has been negotiating and trying to procure such an ordinance from the city ever since it purchased the Baker plant. The city council has never directly recognized any rights of appellant to operate and maintain its plant. In fact the matter has been in controversy and litigation between appellant and ap-

pellee ever since appellant purchased the Baker plant, and appellant carries an account on its books under the head of "Costs of obtaining a franchise at Sullivan, Illinois." Criminal prosecutions have been had against the employees of appellant when they attempted to extend the lines in the city. Appellee not only instituted this suit, but has instituted, and there is now pending, an ejectment suit against appellant. Appellee declared a forfeiture of the Baker ordinance and served notice on appellant to remove its poles and appliances from the streets of the city. At no time has appellant been led to believe that appellee recognized that it had any right to use the streets of said city for the purposes aforesaid. It is true that improvements to a considerable extent have been made in the plant by appellant, but this was done, or at least most of it, while the aforementioned suits were pending to oust it from the streets. The master in chancery and the chancellor found that such improvements were made by appellant at its peril, which is right. At one time the city council passed a resolution demanding that appellant remove its poles and wires from the streets surrounding the public square and to place them in the alleys. At the time this resolution was passed there was a discussion in the council as to whether its passage would prejudice the rights of the city in that it might be a recognition by the city of some right in appellant to occupy the streets. The city attorney rendered the council an opinion to the effect that such a resolution would in no way prejudice the rights of the city. Thereupon the resolution was passed. Appellant knew at that time that the city did not intend by the passage of the resolution to recognize any right in it to occupy the streets. Under the circumstances above enumerated, the fact that the city purchased from appellant power with which to run its pumps and for lights in the city hall cannot be construed as a waiver of any of the

rights of the city as the city has maintained at all times that appellant has no right whatever to occupy the streets of said city for the operation of its electric plant. None of the acts which appellant urges as constituting an equitable estoppel caused the appellant to believe that the city recognized any rights of appellant to maintain and operate the plant in the city. Appellant has never been deceived as to the attitude of the city. Appellant claims that it was put to an expense of several hundred dollars in complying with the order of the city council to remove its poles and wires from the streets around the city square, and that it will be inequitable after going to that expense to be now compelled to remove them. Appellant knew when the city ordered it to remove the poles and wires that it did not intend by so doing to recognize the right claimed by appellant, and appellant has also been fully compensated for the expense by its earnings in the operation of its plant.

Appellant has in no way been deceived as to the attitude of the city by any of the facts set out in the cross-bill as constituting an equitable estoppel as during all the time in controversy appellee was seeking by litigation to oust appellant from the occupancy of the streets. The doctrine of equitable estoppel can have no application under such circumstances.

At the time appellant purchased the Baker plant, appellee was operating and maintaining an electric light plant of its own, and has continued to do so, and it is claimed by appellant that it was inequitable for appellee to install and maintain such a plant of its own, but in equity and good conscience it should have either passed an ordinance granting such right to appellant or purchased appellant's plant. Appellee was under no equitable or legal obligation to do either, and this contention is without merit.

In our opinion the evidence does not disclose that appellant has any rights, equitable or legal, to use

and occupy the streets, alleys and public places of the City of Sullivan for the operation and maintenance of an electric light and power plant, and the decree of the circuit court is affirmed.

*Affirmed.*