## JABEZ BARKER, for use, etc.

*v.*

## JAMES W. GARVEY.

1. AGENCY—*act of agent is that of principal.* It is a general rule, of almost universal application, that, where a person acts by an agent, the act is his, and not that of the agent.

2. Where the agent does not disclose the name of his principal in making a contract, the other party may, when he learns it, hold him responsible for its performance, and the principal may, on showing the agency, claim and enforce the contract, precisely as if entered into by himself.

3. PAROL EVIDENCE—*to show agency of party making contract.* Even where a written contract is entered into by an agent in his own name, it is competent for the principal to show by parol evidence that the agent was acting for him.

4. Thus, where A made a proposition, in writing, addressed to no one, to do certain work, which was accepted by the defendant, who was afterwards garnisheed by a creditor of A, and parol evidence was admitted to show with whom the contract was made, it was *held,* that another party interpleading might also show by parol evidence that A was his agent in making the contract, and thus defeat the garnisheeing creditor.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. E. & A. VAN BUREN, and Messrs. AVERY & COMSTOCK, for the appellant.

Messrs. GRANT & SWIFT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the 13th day of September, 1875, Thomas Tulley, as a judgment creditor of Jabez Barker, sued out of the Cook circuit court a garnishee summons against Garvey, claiming that he was indebted to Barker. It appears that Barker furnished materials and constructed three station houses, under written propositions, as follows:

"I propose to furnish all the materials and do all labor on three station houses, one at Stoney Island avenue, one at 76th street and one on 82d street, for the sum of $436, eight walls, and $51 added if twelve walls; tuck pointing not added; in accordance with plans; the materials to be delivered free of charge, and payments made monthly. This figure is made for each station house.

J. BARKER."

Although this instrument fails to state for whom the depots were to be built, it does appear that the proposition was made to, and accepted by, Garvey, and the work was done for him, and he admits that he has not paid the money due therefor, and is willing to pay it to whomever may be entitled to receive it.

After the proceeding was commenced, Holdstock & Nudd intervened under the statute, claiming that Barker was their foreman and agent in making the contract, and in furnishing the material and performing the labor, and that Garvey owed the money to them, and not to Barker.

A jury having been waived. the cause was tried by the court below by consent of the parties, and rendered a judgment in

favor of Holdstock & Nudd, and Tulley appeals and· asks a reversal.

It is, first, claimed that the contract, on its face, shows that it was made between Barker and Garvey, and that the former is legally entitled to the money. This is not strictly accurate, as the written proposition does not state for whom the materials were to be furnished, the labor performed, or who was to pay the money therefor. To ascertain those facts, resort was had to parol evidence, and without it no one would know who was the party accepting the proposition; but it is claimed that, when it is shown that Barker and Garvey were the contracting parties, the legal right is alone in Barker to sue for and recover the money, and that, if Holdstock & Nudd have any claim, it is equitable, and that it can not be recognized and protected in a garnishee proceeding.

On the other hand, it is claimed that, as Barker was the foreman and agent of Holdstock & Nudd, and contracted for them, and performed the labor as their foreman for them and on their account, they have the right to show the facts, and to be protected therein in a court of law and in this proceeding.

The first question, then, is, had the intervenors the legal right to show that Barker was their agent, and acted for them in constructing these buildings. The rule is general, and of almost uniform application, that, where a party acts by an agent, the act is his, and not that of the agent; and it is equally true that, where the agent does not disclose the name of his principal, the other party may, when he learns it, hold him responsible for its performance; and the converse of the proposition is also true. Where the agent fails to disclose his principal, he may, on showing the agency, claim and enforce the contract, precisely as if entered into by himself. Even where the agent enters into a written contract, it is competent for the principal to show by parol evidence that the agent was acting for him. *Ford* v. *Williams*, 21 How. (U. S.) 287; *Higgins* v. *Lenior*, 8 M. & S. 844; *Jones* v. *Littledale*, 6 Ad. & Ell. 486; Story on Agency, sec. 270. In fact, the rule is so familiar

to the profession, that the citation of authority would seem to be unnecessary to illustrate the doctrine.

It, then, follows that the intervenors could have shown the agency, and have sued and recovered on the contract; and if so, then their rights are legal, and not equitable, and may, independent of the 11th section of the chapter entitled "Garnishment," be protected in their rights. If they could have been sued by Garvey for a breach of contract, and they could have sued him and recovered for the work,—and we have seen this might have been done,—then they were, in law, the contractors, and might show the fact in this proceeding. The evidence is ample to establish the agency of Barker, and the court could not have found otherwise than it did.

Holdstock & Nudd did no act to mislead appellant Tulley. He neither gave credit nor incurred liability on the faith or belief that Garvey owed Barker. He was in nowise misled by anything done by Holdstock & Nudd, or by Barker, to change his position as to his claim against Barker. He is in the situation of a judgment creditor, who finds personal property in the hands of his debtor, and, relying upon possession as evidence of ownership, has it levied on, and it is shown to belong to another person. Here, he finds what appears to be a debt due to his debtor, and he attempts to have it applied to the payment of his judgment; but it is shown to be due and owing to other persons. In principle, we see no distinction between the two cases. In one case, he seized the property of another person to satisfy his judgment against his debtor, whilst in the other he attempts to appropriate a debt due other persons than his debtor, to satisfy his judgment.

Nor is there any force in the position that the evidence heard by the court below varies or contradicts the written proposition signed by Barker. It nowhere states for whom the materials are to be furnished or the labor performed, and, without the aid of extrinsic evidence, it is binding on no one, and, to give it force and effect, it must be explained, if not varied; and if such proof may be made, we see no reason why further explanation may not be made to show to whom the

money, in fact, was to be paid. It would seem that, if evidence might be heard for one, it might be heard for the other. If for neither, there can be no doubt that it may be shown that Barker was acting as the agent of and for the interpleaders.

In any view we have been able to consider the case, we are unable to see that there is any error in the record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*