## Heywood Brothers and Wakefield Co. v. James L. Andrews and Charles H. Martin.

1. AGENTS—*Acts of, Are Those of His Principal.*—Where a party acts by an agent, the act is his and not that of the agent; and where the agent does not disclose the name of his principal, the party affected may, when he learns it, hold him responsible for its performance.

2. SAME—*When He Fails to Disclose the Name of His Principal.*—Where the agent fails to disclose his principal, he may, on showing the agency, claim and enforce the contract precisely as if entered into by himself.

3. SAME—*Parol Evidence—When Competent to Vary His Written Contract.*—Where an agent enters into a written contract, it is competent to show by parol evidence that he was acting for another.

4. PAROL EVIDENCE—*When Competent to Vary a Written Contract.*—When it becomes necessary to show who in fact were the parties to a written contract, and an issue of fact is formed upon the question, it is competent to show by parol evidence who the parties to the contract were in fact.

5. PRACTICE—*Amendments upon Dismissing a Suit as to a Defendant.*—When a plaintiff dismisses his suit as to a part of the defend-

ants, the better practice in actions sounding in contract is to amend the declaration so as to make it conform to the actual parties to the suit.

6. APPELLATE COURT PRACTICE—*Points That Can Not be Raised for the First Time.*—The point that the plaintiff dismissed his suit as to a defendant but did not amend his declaration so as to make it conform to the actual parties to the suit, can not be raised for the first time in the Appellate Court.

Assumpsit, for goods sold. Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

CHIPERFIELD, GRANT & CHIPERFIELD, attorneys for appellant.

LUCIEN GRAY, attorney for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant sued appellees and Clifton H. Henkle in an action of assumpsit for $1,200, the price of opera chairs sold by appellant under a written contract signed by it as the party of one part, and Frank P. McClure, party of the other part. The trial was by jury, and at the close of all the evidence of the case, by leave of the court appellant dismissed its suit as to the defendant Henkle, and the court, on motion of appellees, directed a verdict for the defendants, which was accordingly returned, and after overruling appellant's motion for a new trial, the court gave judgment upon the verdict in bar of the action and for costs against appellant, to reverse which it prosecutes this appeal, and to effect such reversal it is insisted the court erred in such action.

The testimony of the witnesses Gibson, McClure and Hubbard, contained in the evidence in the record, strongly tends to prove that McClure executed the written contract by which the chairs were purchased of appellant for and as the agent of appellees, and by their authority, verbally conferred upon him, and were findings had upon this point in favor of appellant's contention; we are constrained to believe the testimony of such witnesses, if it stood alone in the

record, would support such findings. It is, however, contended that the law is that it is incompetent to show by parol evidence that appellees are bound by the contract signed by McClure, and in which they are not mentioned nor disclosed, as principals or otherwise, as this would violate the rule that the terms of a valid written contract can not be contradicted or varied by parol. This, however, as we think, as might be variously illustrated, would not violate the rule stated, but would show merely who are bound by the contract, and in this respect it is not material whether the agent disclosed his principal or not. There may be conflict of authority upon this question, but in this State (Barker v. Garvey, 83 Ill. 184, and authorities cited) it would seem to be familiar law, where it is said:

"The rule is general, and of almost uniform application, that where a party acts by an agent the act is his and not that of the agent; and it is equally true that, where the agent does not disclose the name of his principal, the other party may, when he learns it, hold him responsible for its performance; and the converse of the proposition is also true. Where the agent fails to disclose his principal, he may, on showing the agency, claim and enforce the contract, precisely as if entered into by himself. Even where an agent enters into a written contract, it is competent to show by parol evidence that the agent was acting for him. In fact the rule is so familiar to the profession that the citation of authority would seem to be unnecessary to illustrate the doctrine."

It thus appearing that as a matter of law it was competent to show by parol evidence who the parties to the contract were, an issue of fact was then made by the evidence upon this point such as required, unless waived, the verdict of the jury, and it was error to withdraw the case from their consideration, as was done.

It is also insisted that because appellant dismissed its suit as to Henkle without amending the declaration, it defeated its right to recover. McClure was positive he had no authority from Henkle to make a contract for him, and this doubtless led to the dismissal of the suit as to him. The declaration was not afterward amended. It is the

better practice in actions sounding in contract, after such dismissal, to amend the declaration so as to conform to the actual parties to the suit. But this point seems to be made for the first time in this court, and it is obvious the action of the trial court was induced by other reasons, and we therefore feel compelled to decline to further consider this point, in the belief that for the purposes of this appeal it has been waived. Had the objection in regard to this been urged in the trial court, the declaration would no doubt have been amended, and the objection thereby obviated.

For the error indicated the judgment of the Circuit Court will be reversed and the cause remanded.