## H. D. Daugherty and Celinda Martin, Adm'x, etc., v. Martin Heckard et al., Copartners.

1. PAROL EVIDENCE—*To Show Who are Parties to a Written Contract.*—Parol evidence is admissible in this State to show who are bound by a written contract.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Fulton County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

H. W. MASTERS and LUCIEN GRAY, attorneys for appellants.

Daugherty v. Heckard.

Chiperfield, Grant & Chiperfield, attorneys for appellees.

Mr. Presiding Justice Wright delivered the opinion of the court.

Appellees sued appellants, H. D. Daugherty and Charles H. Martin, as partners, doing business under the firm name of H. D. Daugherty, for the value of paving bricks alleged to have been sold to them. The bricks were furnished under the terms of a written contract, in which the price was stipulated at seventy-one cents per square yard, and agreed to be paid within sixty days after bonds for the payment of the contract with the city of Canton should be delivered. The written contract was dated July 28, 1896, and signed by H. D. Daugherty and appellees. To the declaration the defendants pleaded the general issue and also denied joint liability, verified by affidavit. Defendant Martin also pleaded separately, verified by affidavit, denying the execution of the instrument sued on, as well as the statute of frauds, to the effect that the premises alleged against him were to answer for the debt of another, and were not in writing signed by him. An additional plea, to which the court sustained a demurrer, was to the effect that under the contract, payment for the brick was to be made sixty days after bonds of the city were delivered to defendants, and the city was not, nor is, able to deliver valid, merchantable bonds for brick, and none such had been delivered. Replication to the special pleas, and subsequent pleading interposed by which issues were formed, and a trial by jury resulted in a verdict and judgment against appellants for $9,113.72, to reverse which they prosecute this appeal, the errors relied upon being the sustaining of the demurrer to the additional plea, and to the second rebutter to third rejoinder, the rebutter being in substance the same matter set up in the additional plea; the admission of improper evidence and the rejection of proper evidence, and the court misdirected the jury and refused proper instructions.

We think the court did not err in sustaining the demurrers

to the additional plea and the rebutter.    The bonds described in the pleadings were variant from the bonds called for by the contract.    The contract provided for the delivery of the bonds of the city, while the bonds described in the plea as not having been delivered were valid, merchantable bonds, a quality not mentioned in the contract, and for which appellees were in no way responsible, thus tendering an immaterial issue.

It is next complained that the court erred in the admission of parol evidence to show that Martin was a party to the written contract, he not having been referred to or mentioned therein; that in effect this was merely an evasion of the rule that the terms of a valid written contract can not be contradicted or varied by parol.

We said in Haywood Brothers and Wakefield Co. v. Andrews, 89 Ill. App. 195, that this would not violate the rule, but would show merely who are bound by the contract, and that such evidence was admissible, was in this State familiar law, and cited Baker v. Garvey, 83 Ill. 184, in support of the point.    The court, therefore, in this respect, did not err.

We have examined the other numerous complaints respecting the admission and rejection of evidence, and do not find any prejudicial or reversible error regarding such matters.

The instructions of the court as a whole gave the jury the principles of the law applicable to the issues being tried as fairly and completely as the rights of appellant demanded, and all that was proper in the refused instructions was contained in such as were given by the court, and in those respects there is no just ground upon which the verdict could be disturbed.    The evidence upon material points was conflicting, and it was for the jury to reconcile it and ascertain the truth, and upon examination we feel compelled to accept the verdict, with the approval of the trial judge, who saw and heard the witnesses, as decisive of the facts.

Finding no error in, the record and proceedings of the Circuit Court its judgment will be affirmed.