ELIZABETH SEVERY *et al.* Defendants in Error, *vs.* WIL-
LIAM J. McDOUGALL *et al.* Plaintiffs in Error.

*Opinion filed June 18, 1913.*

FREEHOLD—*when freehold is not involved on review of a par-
tition decree.* Where the defendants admit in their answer that
the land should be partitioned as prayed in the bill the question of
freehold is eliminated as a controverted question, and the facts
that the defendants complain of the accounting and claim a lien
on the land for alleged improvements do not authorize a review of
the case by the Supreme Court as one involving a freehold.

WRIT OF ERROR to the Circuit Court of Iroquois county;
the Hon. FRANK L. HOOPER and the Hon. DORRANCE DI-
BELL, Judges, presiding.

O. F. MORGAN, and MORRIS & MORRIS, for plaintiffs in
error.

A. F. GOODYEAR, and ERNEST SEVERY, for defendants
in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Iroquois
county for the partition of eighty acres of land in said
county and for an accounting of the rents and profits there-
of and of certain moneys. By the original and amended
answers, as well as by the amended cross-bill, plaintiffs in
error admitted that, as alleged in the bill, defendants in er-
ror were entitled to a decree of partition. The amended
answer states, among other things, that said defendants ad-
mit complainants are "entitled to have a decree for parti-
tion entered in this cause as to said eighty acres of land,
but charge that the interest of complainants in said land
should be, and is, burdened with complainants' proportion-
ate share of the moneys paid and expended by these de-
fendants in relation to said land, as hereinbefore set forth."
In the first part of said amended answer it was alleged that

defendants in error should re-pay to plaintiffs in error their proportionate share of certain moneys paid out in the discharge of lawful liens on said land for mortgages, debts and otherwise, and also their proportionate share of taxes and special assessments paid and improvements made by plaintiffs in error. A decree was entered, in accordance with the allegations of the bill and the admissions of the answers, partitioning said eighty acres of land but reserving the question of accounting "for the further consideration of the court." Thereafter a hearing was had on the question of accounting and a decree was entered as to those matters. A writ of error has been sued out of this court to review both decrees.

No question is raised by the pleadings in the lower court that would authorize plaintiffs in error to bring the case directly from the trial court to this court. A freehold was involved under the original bill for partition, but as the plaintiffs in error admitted in their pleadings that the land should be partitioned as prayed in the bill, that question is not now involved. Where a fact is alleged in the bill and admitted in the answer the admission is conclusive. (*Home Ins. Co.* v. *Myer*, 93 Ill. 271; *Loughridge* v. *Northwestern Life Ins. Co.* 180 id. 267.) All the questions relating to freehold were settled by the admissions in the answer. As a matter of fact, the only questions seriously urged in the briefs in this court affect the question of accounting. A freehold must be involved here in order to give the court jurisdiction. (*Miller* v. *Kensil*, 223 Ill. 201.) Neither does the question of the right of plaintiffs in error to a lien on the land for the improvements which they claim they made,—conceding that they have preserved that question in the record,—involve a freehold. *Wachsmuth* v. *Penn Life Ins. Co.* 231 Ill. 29.

This court being without jurisdiction, the cause will be transferred to the Appellate Court for the Second District.

*Cause transferred.*