(No. 23550.—

LEE FYFFE *et al.* Appellees, *vs.* CHARLES FYFFE *et al.*— (THE INTERNATIONAL OIL AND GAS COMPANY, Appellant.)

*Opinion filed October 14, 1936.*

MCGAUGHEY & MCGAUGHEY, P. J. KOLB, and WALTER F. KOLB, for appellant.

GEE & SHAW, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The International Oil and Gas Company, a corporation, by this direct appeal seeks the reversal of a decree of the circuit court of Lawrence county ordering appellant to account to appellees for oil and gas removed from certain lands in which appellees owned an undivided interest.

Appellees, Lee Fyffe and Cynthia Holsen, filed their bill for partition of the northwest quarter of the northeast quarter of section 31, township 4 north, range 12 west of the

second principal meridian, containing 38.71 acres, against Charles Fyffe, and for an accounting of the oil and gas removed from said lands by appellant. After a hearing a decree was entered ordering the setting off of dower to Charles Fyffe and the partition of the land; that an accounting be taken between the complainants and defendants with reference to the rents and profits that have arisen from said premises, including oil and gas that have been produced and marketed from the premises, but reserved the determination of all matters touching an accounting until after the same had been taken. Roy Fyffe and Grace Denison appealed from that decree to this court, where the decree was affirmed in *Fyffe* v. *Fyffe,* 350 Ill. 620. The cause was re-docketed in the circuit court, a hearing had on the matter of the accounting, and a decree entered ordering appellant to pay appellees each $5237.83, and Fred Fyffe, a defendant who was defaulted, $5237.83. Appellant has appealed direct to this court.

The first question for our determination is, Has this court jurisdiction of this direct appeal? The freehold involved in the original bill was settled by this court in *Fyffe* v. *Fyffe, supra.* The only questions raised in the assignment of error and the briefs are those of pleading and practice, the liability of appellant to account, and the correctness of the amount found due by the decree. All questions involving a freehold were decided on the former appeal. To give this court jurisdiction of the instant case a freehold must be involved. (*Severy* v. *McDougall,* 259 Ill. *272*; *Miller* v. *Kensil,* 223 id. 201.) As none of the errors argued involve a freehold, this court is without jurisdiction.

The cause will be transferred to the Appellate Court for the Fourth District. *Cause transferred.*