Elmer Haumesser, Appellant, v. Maezie Barbara Woodrich, Administratrix of Estate of Daniel Burkhartsmeier, Deceased, Appellee.

Gen. No. 41,792.

Heard in the third division of this court for the first district at the June term, 1941.

Opinion filed July 3, 1942.

WILLIAM O. BURNS and CARL POMERANCE, both of Chicago, for appellant.

CAMPBELL, CLITHERO & FISCHER, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal from an order disallowing plaintiff's claim against the estate of Daniel Burkhartsmeier, deceased. An appeal was taken to the Circuit Court from an order of the Probate Court which sus-

tained exceptions to the amended report of a referee recommending allowance of the claim.

The claim for $2,500, and accruals, is based upon an agreement between plaintiff and decedent, executed April 29, 1931, under which plaintiff was given an option to acquire one half of the outstanding capital stock of the Daniel Burkhartsmeier Cooperage Company. A concurrent contract of employment was executed under which plaintiff entered the Company's employ. Similar contracts were executed between decedent and one Latz. The option was to continue for 15 years from May 1, 1931, subject to earlier termination by certain events including plaintiff's resignation. The contract further provided that if the option terminated by that event, decedent was to return plaintiff's $2,500; and also provided how the option price should be determined, with deductions in the event of purchase, of certain items including plaintiff's $2,500 payment and any subsequent payments or bonuses and interest on both.

On January 12, 1934, plaintiff wrote decedent that he wanted advice on the balance due on the purchase price, "as we wish to exercise our option" in accordance with the contract. The advice was given, a dispute subsequently arose regarding deductions, in addition to those in writing, which plaintiff claimed were verbally agreed to following the written agreement. Plaintiff made offers to purchase on the basis of the disputed deductions and in March, following, advised decedent that plaintiff intended to seek redress in court unless the offer was accepted. March 19, 1934, plaintiff sent decedent his resignation from employment with the Company, effective April 1, or any time before that date the Company "may see fit." In that letter plaintiff gave as reasons for resigning his humilitation and vexation at decedent's hands since the election to purchase, and decedent's refusal to comply with the agreement for the purchase, of the

stock, which agreement he said furnished the principal reason for entering the Company's employ. He demanded the return of all money due him. March 20, 1934, decedent by letter accepted plaintiff's resignation, effective at once, unless plaintiff desired to remain until April 1st; disclaimed having desired to vex plaintiff, and implied disappointment that a misunderstanding had arisen. March 23, 1934, plaintiff and Latz sued decedent for breach of contract claiming damages of $375,000; March 26th, decedent sent plaintiff his check to plaintiff's order in the sum of $3,007.12 representing plaintiff's option payment, plus accruals; and Company's check for $100 compensation for the week ending March 24. April 24, 1934, plaintiff returned decedent's check saying that if it were reissued with no restrictions, plaintiff would be glad to accept it. April 27, 1934, decedent returned the check to plaintiff, with restrictions removed. September 24, 1934, plaintiff's attorney again returned the check advising decedent that plaintiff's acceptance would seriously prejudice his damage suit. September 27, 1934, decedent's counsel responded advising plaintiff's counsel that the check would be held subject to delivery to plaintiff on request. February 3, 1936, the Superior Court found the issues in the damage suit for the defendant and against the plaintiff. September 3, 1936, decedent's counsel advised plaintiff that since the damage suit was decided adversely to plaintiff, decedent's counsel had returned the check to decedent under the belief that in view of the litigation, plaintiff was not entitled to the check. February 7, 1939, Frank Burkhartsmeier died. A claim and an amended claim, the subject of this appeal, were filed June 19, 1939 and November 4, 1939, in the Probate Court.

The plaintiff contends on this appeal that he is entitled to the refund under the Option Contract of the $2,500, plus interest or accruals in the sum of $507.12; that the agreement contemplated a purchase or refund

and that the option terminated when plaintiff's employment ended and that no purchase can now be had; and that no election of remedies is involved. Defendant contends on the other hand that when plaintiff exercised his option, the contract to purchase became a binding obligation on both parties and, making such election, plaintiff exhausted his right to have his money returned; that plaintiff's employment ceased March 21, according to his own claim, and thereafter on March 23, he still persisted in his election to purchase, claiming he had a binding contract, by filing his suit on that day, alleging that he had exercised the option; that the judgment, being against plaintiff in the damage suit, is *res judicata* of every question raised here; and that under no circumstances was plaintiff entitled to interest on his $2,500 if he rescinded and terminated his employment.

Considered in the light of the entire contract we are concerned principally with the conditions surrounding the $2,500 paid by plaintiff thereunder. If plaintiff's employment terminated of his own volition within 5 years from the date of his employment, the $2,500 was to be returned. There is no provision in the contract as to what should be done with the $2,500 and any additional sums in an event such as occurred here, and we must look to the general law on the subjects involved for the determination of this appeal.

An election to exercise his option was made by plaintiff and the offer tendered thereunder not having been accepted, we infer that it was rejected. If the rejection terminated the option, the question of plaintiff's rights are not to be determined as of the time he quit, for the rejection preceded the latter event. The option here was an executed contract and had as its own consideration $2,500. It gave plaintiff an exclusive right for 15 years to buy decedent's stock. If plaintiff properly exercised the option, the one-sided contract became bilateral, binding both the optionor

and the optionee. Was the decedent optionor bound by any contract which arose under the election made here? If he were, specific performance would lie or an action for damages. If he was not, he was excused from the obligation because the election was not of such quality as to bind him. Where an option is exercised by an unconditional election a contract arises binding both parties to the terms expressed. (James on Option Contracts, sec. 801.)

The plaintiff elected, but as will appear hereinafter, made an offer less than the written contract price, saying that optionor had verbally modified the writing. Optionor denied such modification and by refusing to accept the tender, rejected plaintiff's offer. In the damage suit he denied there was a contract. Can it be said there was an unconditional election to exercise the option? It would seem that the election was conditional for surely plaintiff could not have the right to bind optionor to sell at a lesser price than was agreed upon. Both sides to this controversy rely upon the case of *Lake Shore Country Club v. Brand,* 339 Ill. 504, a suit for ''specific performance of an alleged contract for the sale of real estate arising out of an option contract'' in a lease. The option contract there provided that at the time the lessee exercised the option there should be no default in the terms of the lease. When lessee sought to exercise the option, lessor denied its right on the ground that defaults existed. The Supreme Court discussed option contracts and decided the case in favor of the lessors because the record showed that conditions precedent to *the right to exercise the option* had not been met. The circumstances in that case and the case at bar are not identical. In that case there was no right to exercise the option unless certain conditions were met. Here, that right was unrestricted. The plaintiff seeks to apply that case, claiming that his failure to make sufficient tender under the terms of the purchase contract was a failure to

meet conditions precedent to his right to make the election. It is apparent that the case is not applicable in that respect. In the instant case plaintiff paid $2,500 for the right to elect to purchase the stock. "The right to elect under an option contract is the right to convert an option into a binding promise, and an election is the act which so converts that unilateral contract into a bilateral one." *Lake Shore Country Club v. Brand,* 339 Ill. 504.

The contract before us has a dual nature. It is a contract of option and of sale based on the option. There were no conditions to be met by plaintiff, after he paid the consideration, preparatory to making the election. When the money was paid and the contract executed, decedent was bound, at plaintiff's election under the option, to perform under the sale contract, but only upon its terms. The letter of January 12, 1934, which defendant contends was plaintiff's election under the option, reads:

"January 12, 1934

Mr. Daniel Burkhartsmeier,
7240 S. Chicago Ave.,
Chicago, Illinois.
Dear Sir:—

Pursuant to our verbal offer to you today. Please advise what the balance of the Option Price is as of this date as we wish to exercise our option to purchase your Capital Stock in the Daniel Burkhartsmeier Cooperage Company at 7234 to 7254 and 7247 to 7255 South Chicago Avenue, Chicago, Illinois, in accordance with our Option Agreements date April 29th, 1931.

Yours very truly,<br>(Signed) FRANK A. LATZ<br>" ELMER HAUMESSER."

Obviously, plaintiff did not intend or make an election in that letter. He asked for advice because he *wished,* when the advice was given, to exercise his option. The word "wish" implied a desire at a future time to exer-

cise the option. The decedent advised plaintiff the basic option price was approximately $177,000 and plaintiff responded in a letter of February 9, 1934, which introduced conditions. The sufficiency of an election must be determined as of the time option is exercised. *Lake Shore Country Club v. Brand,* 339 Ill. 504. The letter of March 1, 1934 offered to purchase for $144,801.22. This letter was the election and was conditional. Plaintiff made an insufficient election because he offered to buy for less than the price at which decedent was bound to sell. James on Option, sec. 842. The effect of an insufficient election is to end the option rights of both parties under the contract. James on Option, sec. 871. There was consequently, and obviously, no contract of sale arising from the election, because there was, in effect, no election. It would appear that the Superior Court so held in determining the damage suit adversely to the plaintiff. The judgment in that suit determined that the provisions of the contract to sell were not modified by verbal agreements subsequent to the writing. It follows that the consideration paid for the option by plaintiff was not applied to the purchase of the stock. Plaintiff's claim must be determined, therefore, on the contract of option only, unless barred by election of remedies or by the rules of *res judicata* or estoppel by judgment of the Superior Court in the damage suit.

The principle of *res judicata* is not applicable because the issue is not the same in this action as that in the action for damages, nor does the rule of estoppel apply because the issue here was not raised or controverted in the damage suit and the latter rule does not apply where the point was not controverted, but might have been. *People v. McKibben,* 377 Ill. 22. When plaintiff selected the damage suit as his remedy on March 23, did he thereby lose his right by election of remedies to maintain this claim? Defendant con-

tends that he did. In our view, the contract for the sale of the stock did not arise because plaintiff did not exercise his option. Plaintiff did not have a cause of action upon the contract, and, accordingly, there were not two remedies between which he could have elected. *People v. Marx,* 370 Ill. 264. The doctrine of election of remedies is not applicable.

The decisive question is whether plaintiff is entitled to the $2,500 under the option. We have said hereinabove that the contract in this case has a dual nature. It recites that for $2,500 the option is granted plaintiff and later provides when the option is exercised, that that sum should be deducted from the purchase price. The option contract is complete and by it plaintiff in exchange for $2,500 was given an exclusive privilege. The detriment to decedent therein was giving up the right to sell the stock to others while plaintiff had the right to purchase. Under a contract such as this, there are two elements: An offer to sell, which does not become a contract until accepted, and the complete contract to leave the offer open for the specified time. *Bates v. Woods,* 225 Ill. 126. Since the option contract is complete in itself and by it decedent bound himself to plaintiff on the terms written in the contingent contract, the consideration given by plaintiff was absorbed in the executed contract, subject to be refunded in certain events. Plaintiff says he has nothing for his money and that permitting the estate to retain it, would be unjust and inequitable. He was not vigilant in protecting his interest for, had he been, he would have had written into the contract any modifications of the terms of the contingent contract.

There is one final consideration. The general rule is that an insufficient election to exercise an option ends the rights of the parties under the option. The election here was conditional and, therefore, unless the conduct of the parties modified the general rule, their respec-

tive rights under the option contract were determined. The record shows, however, that on March 21, plaintiff's resignation was accepted and his employment with the Company ceased. The option contract gave the privilege of a refund in case of plaintiff's resignation. Plaintiff resigned, demanded the refund and decedent responded with a check for $2,500, plus accruals. This was several months after plaintiff's notice of election under the option and it is evident that, at the time of plaintiff's resignation, both parties treated the option contract as in existence and, as a consequence, the general rule was altered. Plaintiff, however, did not accept the check but, after holding it for several months, returned it under the belief that keeping it would prejudice his damage suit. After the damage suit was determined, he redemanded it, but decedent refused to relinquish it under the belief that plaintiff had made an election of remedies by suing in damages. It would seem under these complicated circumstances, that the last two events, plaintiff's last return of the check and defendant's final refusal to accede to plaintiff's demand for it, were based on mistaken theories and do not affect their rights and obligations at the time of plaintiff's resignation. Defendant had the right when he rejected plaintiff's offer under the conditional election made under the option in January 1934, to end their rights and duties under the contract. He waived the right and permitted the option contract to continue in existence, subject to be terminated by plaintiff's resignation. Accordingly, since plaintiff is not barred under any contentions advanced by defendant, and treating as we must the option contract in force at the time of his resignation, plaintiff is entitled to the return of the $2,500 under the terms of the optional contract and that amount should have been allowed.

The judgment of the Circuit Court is, therefore, reversed and the cause is remanded with directions to

allow plaintiff's claim for the principal amount of $2,500.

*Judgment reversed and cause remanded with directions to allow plaintiff's claim for $2,500.00.*

BURKE, P. J., and HEBEL, J., concur.