Melvina Knackstedt, Conservator in the Matter of the Estate of Sarah E. Wright, Incompetent, Respondent-Appellee, v. Department of Mental Health of the State of Illinois, Petitioner-Appellant.

Gen. No. 51,024.

First District, Fourth Division.

March 18, 1966.

William G. Clark, Attorney General of the State of Illinois, of Chicago (Richard A. Michael, A. Zola Groves and John J. O'Toole, Assistant Attorneys General, of counsel), for appellant.

William T. Halvorsen, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a dismissal of a claim sought by petitioner from respondent for reimbursement for the care of Sarah E. Wright in a State mental institution.[1]

Sarah E. Wright is and has been hospitalized in the Chicago State Hospital under the control and supervision of the Department of Mental Health of the State of Illinois since June 10, 1926. On June 30, 1960, an order was entered in the Estate of Sarah E. Wright, Incompetent, appointing a conservatrix.

On February 17, 1961, the conservatrix filed a sworn petition in the Probate Court of Cook County in which it was alleged that "the Department of Public Welfare of the State of Illinois has requested that monies be contributed to the said Department of Public Welfare of the State of Illinois for the maintenance and care of the said incompetent, and said Department has indicated that it will accept from the Conservatrix payments of forty-five ($45.00) Dollars per month for said purposes."

Pursuant to said petition an order was entered on February 17, 1961, granting leave to said conservatrix to pay from monies belonging to the estate to the Department of Public Welfare, the sum of $45 per month, commencing March 1, 1961, (excepting that the first payment of $45 shall be made prior to February 28, 1961), for the maintenance and care of said incompetent person.

---

[1] In Dept. of Public Welfare v. A'Hern, 14 Ill2d 575, 153 NE2d 22, a suit for charges for care under the Mental Health Act, the Supreme Court stated at page 576 that:

The revenue of the State being directly involved the cause is properly brought to this court.

The instant appeal, originally filed in the Supreme Court, was transferred to this court without comment.

The respondent became a successor-co-conservator in 1962 and is now the acting conservatrix.

On March 5, 1965, the Department of Mental Health filed a petition requesting the sum of $7,803 from the estate of Sarah E. Wright for maintenance charges for the care, treatment, detention and training of that patient in a State hospital, as authorized by sections 9–19 to 9–25 of the Mental Health Act (Ill Rev Stats 1963, c 91½, §§ 9–19 to 9–25).

The sum of $7,803 was ascertained by determining the charge from January 1, 1952 (the effective date of the applicable provisions of the Mental Health Act), to and including June 30, 1957, at the rate of $60 per month, and from July 1, 1957, to and including December 31, 1961, at the rate of $81 per month. As authorized by statute these monthly charges were ascertained by the Department as the average per capita cost of maintaining a patient in a State institution. The total due thereon was $8,253. This amount was reduced by $450, that amount having been paid to the Department by the respondent.

The respondent filed an answer to the aforementioned petition on March 25, 1965, and alleged that the Department, having agreed to accept $45 per month, was estopped from urging or seeking a sum greater than that amount; that the estate from which the sum is sought was not in existence until June 30, 1960, and therefore not responsible for charges incurred prior to that date; and that the Department was barred by the Statute of Limitations from seeking remuneration for past services rendered.

On April 15, 1965, an order was entered dismissing the claim of the Department of Mental Health for $7,803 but the respondent was ordered to pay the sum of $810, being eighteen monthly payments of $45 each from November 1963 to and including April 1965.

The petitioner filed a notice of appeal from this order. ■ ■ Respondent does not dispute the right of petitioner to charge for the care and treatment of Sarah E. Wright and concedes that the Statute of Limitations is not applicable to a legal debt due to the People of the State of Illinois. Her main contention is that the order of February 17, 1961, estops the petitioner from making any other claim except as provided in that order, e. g., $45 a month from March 1, 1961.[2] In Dandurand v. County of Kankakee, 196 Ill 537, 63 NE 1011 (decided under prior law), the court permitted the county to recover support for a patient in a mental institution for the period prior to the time of the filing of the petition, holding that a public official has no authority to release any portion of a debt owed to the State. The court stated at pages 540–41 that:

It is urged that as the county officers had not made a special charge against him, and had taken no action to compel him to pay till a year or two before this suit was brought, the county is not entitled to recover support prior to that time, as it is presumed the county intended not to charge for said support prior to that time. We think the intention does not enter into the case where the support is by a public body. If he was liable for his own support under the law, there was no officer who could form an intention that gratuitous service should be rendered, which would bind the county and release defendant from liability. Nor can such intention be manifested . . . by a failure of the

[2] The fact that the estate was not established until 1960 is of no significance since Sarah Wright was liable for her care and maintenance whether or not an estate was opened. Department of Public Welfare v. A'Hern, 14 Ill2d 575, 153 NE2d 22.

county officers to promptly ascertain and enforce the legal rights of the county.

Section 9–24 of the Mental Health Act (Ill Rev Stats 1963, c 91½, § 9–24) permits the recovery of maintenance charges from the estate of a deceased patient and provides as follows:

Upon the death of a person who is or has been a patient of a State hospital who is liable for maintenance charges and who is possessed of property, it shall be the duty of the executor or administrator to ascertain from the Department whether any payments were made for the sums due as maintenance charges by the deceased person while a patient, and if not, the Department may present a claim for such sums, or for the balance due in case less than the rate prescribed under this Act has been paid. Such claim shall be allowed and paid as other lawful claims against the estate.

The Supreme Court in Department of Public Welfare v. Bohleber, 21 Ill2d 587, 173 NE2d 457, after discussing the pertinent sections of the act, stated at pages 592, 593 that:

As is demonstrated in Department of Public Welfare v. A'Hern, 14 Ill2d 575, there is nothing in section 9–21, or in section 9–25, (which provides that costs will be borne by the State if there is no one able to pay) which extinguishes the liability fixed by section 9–19, or limits the State's right and duty to claim and collect maintenance costs, should any liable person or estate acquire the ability to pay in whole or in part.

. . . . . .

[S]ection 9–24 . . . provides that the claim filed against a deceased patient's estate may be for sums

102

due as maintenance charges, "or for the balance due in case less than the rate prescribed under this Act has been paid." The clear import of this language is that, regardless of prior payments, prior ability to pay or an administrative determination thereof, the Department may present a claim for the entire cost of maintenance, or an unpaid balance, at the rate prescribed or set under section 9–20.

 It is clear that if Sarah Wright had died the State would be permitted, and in fact would have a duty, to recover from her estate the balance due since less than the rate prescribed under the act has been paid. We consider the instant case indistinguishable from the aforesaid situation and consequently there is no reason for the State to be precluded from presently recovering the balance due from her estate.

Therefore the order of the Circuit Court of Cook County dismissing the claim of the Department of Mental Health is reversed and the cause remanded with directions to enter an order allowing the claim of the Department of Mental Health and to determine the amount due thereon in accordance herewith.

Reversed and remanded.

ENGLISH and McCORMICK, JJ., concur.