*In re* ESTATE OF ANNA MARY MOYER, Deceased—(THE DEPARTMENT OF MENTAL HEALTH, Claimant-Appellant, *v.* ROI JEANNE LUGO, ADMR. OF THE ESTATE OF ANNA MARY MOYER, Deceased, Appellee.)

(No. 11223; ▪▪▪▪▪▪

Fourth District—March 11, 1971.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe, of counsel,) for appellant.

Woolen, Brown & Hawkins, of Decatur, (Rex L. Brown, Elmer C. Hawkins, and John L. Davis, of counsel,) for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The Department of Mental Health filed a claim against the estate of Anna Mary Moyer for hospitalization supplied to her during her lifetime as an incompetent for a period beginning January 1, 1952, through May 8, 1968. Payments by her conservator were credited on the claim reducing it to $15,699.33. The trial court likewise disallowed $3,710.00 of this amount on the theory that a claim for that amount had previously been disallowed and apparently on the theory that such disallowance was *res judicata*. The Department of Mental Health appeals from that

part of the order disallowing the $3,710.00 and reducing the amount of the claim by such amount.

In contending that this disallowance was proper the defendant refers to the claim on the back of which the following entry appears: "Claim disallowed on motion of conservator with consent of State's Attorney appearing for the State. December 2, 1958, Gus T. Greanias, County Judge." It is this order which the defendant claims makes that part of the claim *res adjudicata.*

Although basically immaterial to our decision, the record shows that Miss Moyer died leaving only brothers and sisters her surviving and that her estate was in the neighborhood of $60,000.00 and adequate to take care of the total claim.

The State's Attorney was without authority to consent to the disallowance of the claim for $3,710.00, the order entered by the county judge is wholly null and void, and being a consent decree, it did not constitute a judicial determination of the rights of the parties. We think the case is controlled by *Massell v. Daley,* 404 Ill. 479, 89 N.E.2d 361. In that case, at p. 363, the Supreme Court said:

"Section 23 of article IV of the Constitution, Smith-Hurd. Stats. provides: 'The general assembly shall have no power to release or extinguish, in whole or in part, the indebtedness, liability, or obligation of any corporation or individual to this state or to any municipal corporation therein.' We held in *People ex rel. Ames v. Marx,* 370 Ill. 264, 18 N.E.2d 915, 919, that the Director of Finance could not cancel a bond given by a taxpayer for the purpose of guaranteeing the payment of taxes. In that case we said: 'If the General Assembly cannot so release an obligation it is plain that the Director of Finance of the State of Illinois cannot release it'. Likewise, we have held that consent decrees adversely affecting the public interests may be reversed. (Citing authorities)"

In the previous case of *People ex rel. Ames v. Marx,* 370 Ill. 264, 18 N.E.2d 915, the court held that writing across a bond the word "canceled" by the Director of Finance was not authorized nor did he have any right to so cancel it. It logically follows that if the Director of Finance could not constitutionally cancel a bond which had the effect of releasing a debt due the State, likewise the State's Attorney was without authority to consent to a judgment of the trial court where the effect was to release a debt owed the State of Illinois. As stated in *Massell,* such an order is not a judicial determination of the rights of the parties but is merely a recital of the agreement of the parties—an agreement which the State's Attorney was without the power to make. It would seem to

follow that such an agreement void *per se* cannot father a valid judgment. The void judgment was *res adjudicata* of nothing.

Not only do we believe the order is a nullity, but there is statutory authority for the Department of Mental Health to file a claim against the estate of a decedent notwithstanding administrative agreements for partial payments. (See *Knackstedt v. Department of Mental Health,* 69 Ill.App.2d 98, 216 N.E.2d 517; *Department of Public Welfare v. A'Hern,* 14 Ill.2d 575, 153 N.E.2d 22, and *Department of Public Welfare v. Bohleber,* 21 Ill.2d 587, 173 N.E.2d 457.) Acceptance of partial payments or administrative agreement for them delays but does not release or finally discharge the debt.

Accordingly, this case is reversed and the cause remanded to the circuit court of Macon County with directions to proceed in accordance with the views herein expressed.

Reversed and remanded with directions.

TRAPP and CRAVEN, JJ., concur.