DALE BLOCKLINGER, Plaintiff-Appellee, *v.* MARK SCHLEGEL *et al.,* Defendants-Appellants.

Third District    No. 77-394

Opinion filed April 6, 1978.

F. Joseph Ryan, of East Moline, for appellants.

Dennis A. DePorter and James L. Neppl, both of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This is an appeal from the entry of a summary judgment ordering specific performance of a real estate sales contract. The plaintiff, Dale Blocklinger, filed suit against the defendants, Mark Schlegel and William Schlegel, co-trustees of the Rosemary Schlegel Trust, seeking specific performance of a real estate sales contract entered into between the parties on October 15, 1975. The contract was for the purchase of approximately 17 acres in Rock Island County for the price of $26,000. Defendants had listed the property for sale with Paul Carter, a real estate salesman. Pursuant to his listing agreement Paul Carter found the plaintiff, Dale Blocklinger, as a willing purchaser and the plaintiff and defendants entered into the written contract for sale which contract defendants readily admit. Before the actual conveyance of the property was made defendants attempted to unilaterally rescind the contract.

Defendants urged two theories to support a rescission of the contract. First defendants argued that there had been a mutual mistake of fact as to the value of the land. On appeal this theory has been abandoned. Defendants' second claim was that the plaintiff, who was himself a real estate broker, breached a fiduciary duty to the defendants as sellers, and that the resulting constructive fraud is sufficient grounds to rescind the contract.

On appeal the one issue raised is whether a genuine issue of material fact existed and therefore whether the plaintiff was entitled to judgment as a matter of law.

We have examined the pleading, affidavits, counteraffidavits and depositions in this case and view them in light of the purpose of a summary judgment proceeding, that is to determine whether a genuine and material issue of fact exists. (*People ex rel. Rappaport v. Drazek* (1st Dist. 1975), 30 Ill. App. 3d 310, 332 N.E.2d 532.) Defendants' argument that plaintiff failed to disclose his occupation as a real estate broker is based upon an affirmative defense asserted in defendants' answer and which sounds in fraud. The basis of defendants' argument is a multiple listing agreement by which the defendants' realtor agreed to relist or sublist the property with the Rock Island County Multiple Listing Service and the listing services of any other reciprocating boards of realtors. By virtue of this multiple listing agreement the plaintiff allegedly became a sub-listee of defendants' realtor and therefore a subagent for the defendants thereby owing them a fiduciary duty. The underlying issue becomes whether a fiduciary duty existed between plaintiff and defendants. If such a fiduciary duty existed whether plaintiff failed to disclose his occupation as a realtor and his particular expertise as to land values would be factual issues unresolved by the affidavits, counteraffidavits, or depositions and a summary judgment should, then, not have been entered. Triable issues of fact should not be resolved by the trial judge by way of summary judgment proceedings. *Herrschner v. Xttrium Laboratories Inc.* (1st Dist. 1975), 26 Ill. App. 3d 686, 325 N.E.2d 335.

■■  We have examined in detail the particular multiple listing agreement involved in this case and conclude as the trial court did, that no fiduciary duty existed between plaintiff and defendants from the agreement. The pertinent language in the multiple listing agreement provided for the defendants' realtor to immediately relist the property with the other members of the Rock Island County Board of Realtors Listing Service. Although we can assume that such a relisting occurred we do not find that any contractual privity thereby resulted between the plaintiff Blocklinger and the defendants. In fact, the agreement gave the defendants' realtor an "exclusive" right to sell, and contemplated possible successive listing contracts with other multiple listing realtors. No proof was presented showing that plaintiff became aware of the property through any method usually known only to those in the profession. There was, likewise, an absence of proof of any collusive dealings or other proof of fraud on the part of plaintiff. There was, in fact, no actual agency relationship between plaintiff and defendants either because of the multiple listing agreement or because of any dealings between the parties. We find that the plaintiff had no duty to act or represent the defendants in this particular sale because of the existence of a cooperative listing agreement among the local realtors. In *Fish v. Teninga* (1928), 330 Ill. 160, 161 N.E. 515, it was

quite properly stated that the business of being a realtor is not one containing an element of public interest so as to require him to deal as a fiduciary with everyone. Before a fiduciary duty arises it must be proven that a realtor has been employed by someone and that he is therefore an agent for them.

■■ The defendant relies upon the cases of *Burrows v. Palmer* (1956), 10 Ill. 2d 344, 140 N.E.2d 668; *Fish v. Teninga* (1928), 330 Ill. 160, 161 N.E. 515; and *Rendl v. Anderson* (1968), 103 Ill. App. 2d 255, 242 N.E.2d 767, to support his theory of a fiduciary relationship and the duty of disclosure by the real estate broker. In the *Burrows* case, the court found the existence of a fiduciary duty which we believe is not present in the case at bar. In each of the latter two cited cases the realtor represented the seller as his selling agent and then purchased the property himself. In the instant case there is no basis upon which we can conclude that the plaintiff Blocklinger represented the defendants even by virtue of the multiple listing agreement. In the absence of an agency relationship a fiduciary duty of disclosure did not exist and the plaintiff was only an ordinary individual purchaser. Further, defendants' citation to the rules and regulations promulgated by the Department of Registration and Education of the State of Illinois pursuant to the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1975, ch. 114½, par. 108) and plaintiff's alleged breach of those rules do not establish the existence of any fraud on plaintiff's part.

Defendants' answer admitted the basic facts underlying plaintiff's claim for specific performance.

Defendants' attempted affirmative defense that plaintiff acted fraudulently in breach of a fiduciary duty to disclose his occupation as a realtor did not amount to a defense to plaintiffs' action as a matter of law. It was admitted in the depositions of the defendants' that their own attorney and realtor knew of plaintiff's vocation as a realtor himself. We rely upon *People ex rel. Ames v. Marx* (1938), 370 Ill. 264, 18 N.E.2d 915, and accordingly conclude that since the facts supporting plaintiff's cause of action are admitted and the asserted affirmative defense is not a defense as a matter of law, a summary judgment was properly entered.

For the reasons stated the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and STOUDER, JJ., concur.